THE CITY OF NEW YORK, Respondent, *v.* BROOKLYN AND MANHATTAN FERRY COMPANY, Appellant.

**Surety bond — New York city — lease by city of municipal ferry — bond given by lessee for faithful performance of lease — bond secured by deposit of securities as collateral security instead of surety — lease and bond construed and held that bond was given for penalty, not as liquidated damages.**

1. The tendency of the courts in doubtful cases is to favor the construction which makes the sum payable for breach of contract a penalty rather than liquidated damages, even where the parties have styled it liquidated damages rather than a penalty.

2. The lessee of a ferry franchise deposited registered bonds in lieu of a surety bond, required by the city of New York, to guarantee the continuance of the ferry service in accordance with the provisions of the lease. There is no provision that the stipulated sum should

be regarded as liquidated damages and it does not appear that damages for the breach of the terms of the lease cannot be ascertained or that a penalty is unsuitable to the conditions existing. The holding that the security was for liquidated damages and not as a penalty is erroneous.

City of New York v. Brooklyn & Manhattan Ferry Co., 207 App. Div. 810, reversed.

(Argued February 26, 1924; decided April 1, 1924.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 17, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

Jerome E. Malino and A. S. Gilbert for appellant. Where a contract contains a number of covenants of different degrees of importance and the loss resulting from the breach of some of them will be clearly disproportionate to the sum sought to be fixed as liquidated damages, especially where the loss in some cases is readily ascertainable, the sum so fixed will be treated as a penalty. The strength of a chain is that of its weakest link. (Seidlitz v. Auerbach, 230 N. Y. 167; Lansing v. Dodd, 45 N. J. L. 525; Hawthorne v. Coursen, 18 Misc. Rep. 447; Scott v. Montells, 109 N. Y. 1; Chaude v. Shepard, 122 N. Y. 397; McCann v. Albany, 158 N. Y. 634; Caeser v. Robinson, 174 N. Y. 492.) A stipulation to forfeit a certain sum for the breach of any of the terms of the contract cannot be separated and a part treated as a penalty and the remainder as liquidated damages. (1 Sutherland on Damages [4th ed.], § 283.) There must be some attempt to proportion these damages to the actual loss. The parties must not lose sight of the principle of compensation. (Sedgwick on Damages, § 405; Springwells Township v. D. P. Railway, 103 N. W. Rep. 700.) In a doubtful case the agreement of the parties must be construed to provide for a penalty and not for liquidated damages. (Lansing v. Dodd,

45 N. J. L. 525; Sedgwick on Damages, § 400; Joyce on Damages, § 1298.)

*George P. Nicholson. Corporation Counsel (John F. O'Brien* and *Josiah A. Stover),* for respondent. Inconvenience to the public, even without pecuniary loss to plaintiff in its corporate capacity, by reason of the discontinuance of ferry service is a proper subject for liquidated damages. (*Whiting* v. *New Baltimore,* 127 Mich. 66; *Springwells* v. *Detroit, P. & N. R. Ry. Co.,* 140 Mich. 277; *Brooks* v. *City of Wichita,* 114 Fed. Rep. 293; *Peekskill R. R. Co.* v. *Village of Peekskill,* 21 App. Div. 94; 165 N. Y. 628; *United States* v. *Bethlehem Steel Co.,* 205 U. S. 105.) The courts below are correct in deciding that the $53,000 was intended as liquidated damages in the event of failure of the paramount or primary purpose of the lease. (*Seidlitz* v. *Auerbach,* 230 N. Y. 167; *Hackenheimer* v. *Kurtzmann,* 235 N. Y. 57; *Peekskill R. R. Co.* v. *Vil. of Peekskill,* 21 App. Div. 94; 165 N. Y. 628.)

POUND, J. This action was brought to recover under a lease of a ferry franchise one-half of the net profits derived from the operation of the ferries amounting, it is claimed, to over $41,000. In its answer, among other things, the defendant sets up as a second counterclaim an equitable cause of action looking to the return to it of the securities deposited with the city of New York to guarantee the performance of the conditions of the lease, after ascertaining the lien of the city thereon. The judgment dismissed this counterclaim upon the ground that the securities were so deposited as liquidated damages in the event the defendant should cease the operation of the ferries before the expiration of the term of the lease, as it had done. The appellant's position is that these securities were held by the city as a penalty, not as liquidated damages, and that it is entitled to their return after payment of the city's lien thereon. Judgment was

granted for the amount demanded in the complaint, less the amount of a first counterclaim for $11,000 and costs, making a balance of $35,695.30.

At the time of the execution of the lease the defendant gave to the plaintiff a bond in the sum of $50,000. The instrument recites the lease and the deposit of certain securities and then continues: " The conditions of this obligation are such, that if the said The Brooklyn and Manhattan Ferry Company, its successors and assigns, shall and does pay, perform, fulfill, observe and keep, or cause to be paid, performed, fulfilled, observed and kept, each and every of the covenants, agreements, clauses, terms and conditions in said lease and modification agreement contained, on its part to be paid, performed, fulfilled, observed and kept without fraud and delay *and particularly that if the Brooklyn and Manhattan Ferry Company shall well and truly maintain and operate and cause to be maintained and operated the said ferries during the term of said lease and in accordance with the conditions thereof,* then this obligation shall be null and void, otherwise to remain in full force and effect; and in lieu of a surety to this obligation and as collateral security for the further assurance of the faithful performance of this obligation, the said The Brooklyn and Manhattan Ferry Company hereby authorizes the Comptroller of the City of New York to retain the said registered bonds last above mentioned and described." The bond further provides that upon failure in the performance of the conditions and covenants of the indenture of lease or modification agreement hereinbefore referred to, the city might sell such securities.

The lease contains a provision: " The company shall furnish a surety bond, approved by the Comptroller for $50,000, to guarantee the continuance of the ferry service *for the term* and *in accordance with the provisions* of the lease " and the bond was given pursuant thereto.

The continuance of the ferry service " in accordance

with the provisions of the lease '' called for the performance by the ferry company of a number of covenants and conditions of varying degrees of importance. Damages for the breach of some were susceptible of accurate valuation, *e. g.*, default in payment of the rent. Damages for the breach of others were not so susceptible, *e. g.*, the covenant against assigning or subletting. The breach of the contract to continue the ferry service for the term of the lease was, in a sense, susceptible of accurate valuation. The city might continue the operation of the ferry for the term of the lease and recover the difference between the contract consideration and the actual cost of operation, but it has been held that the defendant covenanted primarily to operate the ferry '' for the public convenience '' and that breach of that covenant cannot be valued.

No provision appears, as in *Seidlitz* v. *Auerbach* (230 N. Y. 167) and *Hackenheimer* v. *Kurtzmann* (235 N. Y. 57) that the stipulated sum is agreed to as liquidated damages. The lease and the bond are silent on this point. The tendency of the courts in doubtful cases is to favor the construction which makes the sum payable for breach of contract a penalty rather than liquidated damages, even where the parties have styled it liquidated damages rather than a penalty. The general rule of construction is '' that where a contract contains a number of covenants of different degrees of importance and the loss resulting from the breach of some of them will be clearly disproportionate to the sum sought to be fixed as liquidated damages, especially where the loss in some cases is readily ascertainable, the sum so fixed will be treated as a penalty. The strength of the chain is that of its weakest link." (*Seidlitz* v. *Auerbach*, *supra*.)

The decision in the courts below has gone off on the theory that the paramount consideration of the bond was the agreement of the ferry company to operate the ferries for the full term of the lease and that liquidated damages are suitable because in the nature of things it

is impossible to fix the damages actually incurred. Such was the rule laid down by this court in *Hackenheimer* v. *Kurtzmann* (*supra*) where the purpose of the bond was to protect a valuable good will and the parties had stipulated for liquidated damages. This case is clearly distinguishable.

1. The parties have not in terms stipulated for liquidated damages. 2. To so construe the bond would make the strength of the chain that of its strongest link. 3. By the terms of the contract the bond is to be given to guarantee the continuance of the ferry service both (a) for the term and (b) in accordance with the conditions of the lease, particularly the condition for payment of the stipulated rent. The bond also provides particularly that if the ferry company shall maintain and operate its ferries (a) during the term and (b) in accordance with the provisions of the lease, the obligation shall be void. It cannot be said that either the operation for the term or the operation in accordance with the other provisions of the lease is the paramount consideration. 4. It does not appear that damages for the breach of the terms of the lease to continue the service for the full term cannot be ascertained, or that a penalty is unsuitable to the conditions existing.

It follows that the judgments, dismissing upon the merits the second counterclaim set forth in the answer of the defendant on the theory that the security was for liquidated damages and not as a penalty, were erroneous and that defendant is entitled to judgment thereon.

The judgments dismissing the counterclaim should be reversed and the case remitted to the Special Term for the purpose of ascertaining the lien of the plaintiff upon the securities held by it and giving judgment accordingly, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.