DAVID G. PARKER, Appellant, Respondent, v. DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., Respondent, Appellant.

Fourth Department, December 30, 1927.

Agriculture — co-operative corporation — action by member of Dairymen's League to recover for milk delivered — contract provided for pooling returns on all milk products sold and division thereof among all members on equal basis — contract stipulated for liquidated damages in case member breached contract — plaintiff stopped deliveries on August 1, 1926 — action is to recover value of milk delivered in July — action was properly brought at law — provision for liquidated damages is legal — defendant is entitled to recover on counterclaim based on liquidated damages — counterclaim overcomes plaintiff's claim for milk delivered.

The plaintiff became a member of the defendant. Under the contract between the parties, the plaintiff agreed to deliver all milk produced by him except that which might be necessary for domestic use, and the contract provided for pooling by the defendant of all amounts received for milk sold by it and for distribution of the proceeds on an equal basis among all producers. The contract also stipulated for certain deductions for overhead expenses and operation, and provided that each member would receive a certificate of indebtedness for the amount of deductions at the end of the fiscal year. There was also a stipulation that in case of default by the plaintiff he should be subject to liquidated damages in the amount of ten dollars per cow, and if the failure to deliver continued for more than one month the damages therefor should be in the amount of three dollars per cow per month. That provision was stated in the contract to be in accordance with section 209-a of the Membership Corporations Law. The plaintiff did not deliver any milk to the defendant after August 1, 1926, and the present action is to recover for the value of the milk delivered during the month of July. The defendant interposed a counterclaim to recover the liquidated damages stipulated in the contract.

It was error for the court to dismiss the complaint and counterclaim on the ground that the action should have been brought in equity and not at law, for the relation between the parties was founded on an express contract and the

purpose of the action is to recover a definite sum demanded in the complaint and no accounting is necessary between the parties. Both the complaint and the counterclaim state actions at law.

Evidence introduced by the defendant on the question of damages shows that the damage suffered by the defendant was approximately the amount fixed in the contract as liquidated damages. There is, therefore, a fair relation between the liquidated damages stipulated and the actual damages suffered by the defendant, and, therefore, the provision for liquidated damages will not be considered a provision for a penalty, and the defendant is entitled to recover on that provision of the contract.

The plaintiff did not justify his breach of the contract on August first by evidence tending to show deficiencies in weights and credits between June 9 and June 21, 1926, since it appears that he continued to deliver milk throughout the entire month of July and did not make any complaint of irregularities during that month. It was not error, therefore, to exclude plaintiff's evidence along that line.

Plaintiff's failure to deliver was one continuing breach and the defendant's damages may, therefore, be fixed down to the date of the trial.

The defendant is required to credit against its claim for liquidated damages the amount due the plaintiff for milk delivered and not paid for, plus interest thereon, and since it also offered to credit the amount of the deductions for capital expense, that amount may be taken into consideration. The result is that the defendant's counterclaim offsets the plaintiff's claim for the value of the milk.

While defendant offered to allow for deductions for capital expenses on account of July deliveries, an affirmative judgment in favor of the plaintiff on that item cannot be allowed, since the plaintiff did not sue for the amount of deductions on account of July deliveries, and since no certificate of indebtedness was required to be given by the defendant until the end of the fiscal year, which was after the date of the trial.

CROSS-APPEALS from a judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 11th day of April, 1927.

The judgment dismis ed the plaintiff's complaint and the defendant's counterclaim.

*W. R. Pratt*, for the plaintiff.

*Seward A. Miller* [*Bradley Fuller* of counsel], for the defendant.

SEARS, J. The defendant is a domestic corporation. It was organized under the provisions of article 13-A of the Membership Corporations Law (added by Laws of 1918, chap. 655, as amd., and now included in Co-operative Corporations Law, Laws of 1926, chap. 231, as amd.). The plaintiff at the time of the transactions involved in this litigation was a member of the defendant corporation. A contract subsisted between the parties by the terms of which the plaintiff constituted the defendant his exclusive agent for the sale of milk produced by his dairy. The plaintiff agreed to deliver to the defendant all the milk produced by his dairy, except such as he himself might use or give away. The defendant was authorized

to receive the proceeds of the sa es of such milk and blend the proceeds with the proceeds from the sales of the product of other dairymen into one general fund and to distribute to the plaintiff and the other dairymen such general fund after making deductions for defendant's expenses and for working capital, and other purposes connected therewith as stated in the contract, in such proportions that the price received by the plaintiff should be uniform with that received by other producers regardless of any variation or difference in the price received by the defendant on the sales of the milk of the various producers, subject to equitable differentials established by the defendant. The defendant agreed to make such payments on account of milk delivered by the plaintiff during each calendar month on or before the twenty-fifth day of the following month. The amount of the deductions above mentioned was by the contract determinable solely by the defendant. The plaintiff and the other producers, at the end of the fiscal year April first, were to receive a certificate of indebtedness for the amount of the deductions for working capital and matters connected therewith. The contract further provided that either party thereto might terminate the contract by giving written notice to the other between the twelfth and the twenty-eighth days of February, both days inclusive, and in the event of such notice being given, termination should become effective on the first day of the following April. The contract also contained a provision to the effect that in case the plaintiff failed to deliver to the defendant the milk from his dairy which was for sale, he should be subject to liquidated damages in the amount of ten dollars per cow for twenty cows, and, if the failure to deliver such milk to the defendant continued for more than one month, thereafter in the amount of three dollars per cow per month as long as such failure continued. The provision for liquidated damages was stated in the contract to be in accordance with the provisions of section 209-a of chapter 655 of the Laws of 1918. The contract was in the same form as that considered in the opinion in *Dairymen's League Co-operative Assn., Inc.,* v. *Holmes* (207 App. Div. 429; affd., 239 N. Y. 503) where the terms of the contract are stated in greater detail.

During the month of July, 1926, plaintiff sold and delivered to defendant 25,558 pounds of milk of three and three-tenths butter fat test, and the amount distributable to the plaintiff by the defendant on August 25, 1926, after making the deductions provided for in the contract, was $503.48. The plaintiff claims to be entitled to judgment for this amount with interest. On the 1st day of August, 1926, plaintiff ceased to deliver the milk from his dairy to the defendant but sold it elsewhere, and defendant

received no further deliveries from the plaintiff to the time of the trial in March, 1927.

The deductions for working capital from the general fund in respect to April, May and June milk deliveries amounted to seventy-three dollars and thirty-five cents, for which, according to the contract, plaintiff would become entitled to receive a certificate of indebtedness from the defendant at the end of the fiscal year.

Plaintiff's complaint alleged the deliveries of milk during April, May, June and July as sales and set forth causes of action for the purchase price, but on the trial plaintiff made no attempt to prove strictly the causes of action set forth but introduced in evidence the contract and swore an officer of the defendant to show the amounts paid by the defendant to other producers for July deliveries to establish his right to recover a corresponding amount for his deliveries.

The parties and the trial court seem to have treated the action as one to recover sums due on a contract and treated the complaint as amended to conform to the proof. We also treat the case as though the complaint had been for recovery in accordance with the terms of the contract.

The defendant introduced certain evidence bearing upon its losses resulting from the plaintiff's failure to deliver milk after July thirty-first. At the close of the case the learned trial court intimated that in his opinion an action at law would not lie, but that relief on the contract for either party could only be had in equity. The defendant moved for a dismissal of the complaint on this and other grounds, and also moved for a direction of a verdict for the amount of the liquidated damages to the date of the trial, amounting to $616.13, less a credit in the sum of $503.48 for the milk delivered in July, and $98.91 for the deductions for working capital including the July deduction, leaving a net amount for which the defendant asked a direction in its favor of $17.61. The plaintiff moved for a directed verdict in his favor and a dismissal of the defendant's counterclaim for liquidated damages. The court thereupon dismissed both the complaint and the counterclaim on the ground which he had previously intimated, namely, that relief could not be had by either party in an action at law.

We think the controversy fell within the jurisdiction of the court on its law side. The relation between the parties was founded on an express contract. They were in no sense partners or joint adventurers. By the contract the defendant was constituted an agent of the plaintiff with certain peculiar authority. The plaintiff accepted the defendant's determinations as to the amount of deductions for expenses and for capital account, and sought a

judgment for a definite sum. No accounting was necessary. Under such circumstances the plaintiff's cause of action was one at law. (*Allen* v. *Brown,* 44 N. Y. 228.) The defendant's counterclaim for liquidated damages for breach of the contract on plaintiff's part is without question within the legal as distinguished from the equitable jurisdiction.

Defendant urges that plaintiff's breach of the contract by failure to deliver milk on and after August 1, 1926, bars any right to recover in respect to deliveries made before August first, even though the contract may be considered as severable (*Tipton* v. *Feitner,* 20 N. Y. 423; *Walsh* v. *N. Y. & Ky. Co.,* 88 App. Div. 477) and plaintiff had performed his full obligation in respect to the monthly deliveries before the breach occurred. (*DeForest R. T. & T. Co.* v. *Triangle R. S. Co.,* 243 N. Y. 283; *Ressig* v. *Waldorf-Astoria Hotel Co.,* 185 App. Div. 4; affd., 229 N. Y. 553; *Sperry & Hutchinson Co.* v. *O'Neill-Adams Co.,* 185 Fed. 231. But see 2 Williston Cont. § 871; 2 Williston Sales [2d ed.], § 467-j.) We need not pass on this contention for the view we take of the counterclaim for liquidated damages renders the point immaterial.

The defendant did not elect to consider the contract terminated when plaintiff ceased to deliver milk on August first, but on August sixteenth and again on September ninth called upon the plaintiff to make the deliveries required by the contract. Plaintiff's failure to perform his obligation to deliver milk on and after August 1, 1926, exposed him to liability for damages. It was provided by section 209-a of the Membership Corporations Law that the by-laws of such a corporation as the defendant might fix as liquidated damages, specific, reasonable sums, in amounts fairly related to the actual damages ordinarily suffered in like circumstances, to be paid to the corporation, to reimburse it for any damage which it or its members might sustain by the failure of any member to perform any obligation to the corporation under the certificate of incorporation, the by-laws or any contract with the corporation, and that any such provision should be valid and enforcible in the courts of this State. This provision is now contained in section 37 of the Co-operative Corporations Law. The stipulation for liquidated damages contained in the contract was also covered by a by-law of the defendant. In August, 1926, defendant sold to its customers milk of high-grade, such as was that produced by the plaintiff, at two dollars and ninety-five cents per 100 pounds with a differential for freight and butter fat and plus the handling charges. For that month the basic pool rate distributed by the defendant to its members who were producers was one dollar and ninety-six cents per 100 pounds. Handling and overhead expenses amounted to six

and two-tenths cents. The amount withheld for capital expenses at about this time was about fifteen cents per 100 pounds. Using these figures there would apparently be a net loss to the defendant and its members through failure to deliver milk of about seventy-nine cents per 100 pounds. Calculated upon the amount of plaintiff's July deliveries the damage to defendant and its members for failure to deliver milk for a month would be upward of two hundred dollars, which was the amount of the liquidated damages provided in the contract for the first month's default. There is, therefore, a fair relation between the liquidated damages provided for in the contract and by-laws and the actual damages ordinarily suffered in like circumstances. What was said in the opinion in the *Holmes Case* (*supra*) related to a contract between the corporation and a non-member where, under the statute, services were to be rendered by the corporation without profit to it. Here, however, while the corporation was one for mutual benefit of the members, and a profit on the milk of some producers would ultimately go to make up losses on the product of other producers, nevertheless, until such distribution, such profit belonged to the corporation representing all its members and its amount can be considered in determining whether the amounts stipulated as liquidated damages in the contract are in fact reasonable and fair.

The evidence offered by the plaintiff as to deficiencies in weights and credits from June 9 to June 21, 1926, to show a justification for his failure to deliver milk in August, was not under the allegations of his reply, or his statement of what he desired to prove, sufficient to justify his conduct when it is taken into consideration that he continued to deliver throughout the month of July and makes no suggestion of irregularities in the weights or credits during that entire month. Its exclusion is not reversible error.

The plaintiff's failure to deliver beginning August 1, 1926, was one continuing breach of the contract and the defendant's damages therefor may be calculated down to the date of the trial. (*Behrman* v. *Linde*, 23 N. Y. St. Repr. 490; affd., 127 N. Y. 672; *Park & Sons Co.* v. *Hubbard*, 198 id. 136; 1 Sedg. Dam. [9th ed.] § 84 *et seq.*) As the defendant seeks to recover its liquidated damages in accordance with the terms of the contract, it is required to credit thereon amounts due and owing by it to plaintiff. From the sum of $620, the amount of the liquidated damages, a deduction must be allowed of plaintiff's claim of $503.48 with $17.95 interest. The defendant also offered to credit the amount of the deductions for capital expense from April, May and June deliveries, certificates for which would not be due until after the date of the trial, but which are a basis of a demand in the complaint, amounting to $73.35. These items

cover all that the plaintiff sought to recover according to his complaint. In addition to these, however, the defendant offered to allow $25.56, evidently the deduction for capital expense on account of July deliveries. These items together would slightly overrun the amount of the liquidated damages, but as the plaintiff has not sued for the amount of the deductions on account of July deliveries, and no certificate of indebtedness for the amount of any of these deductions was to be given by the defendant until the end of the fiscal year, which was after the date of the trial, an affirmative judgment cannot be given to the plaintiff for this amount. The allowances do, however, wipe out the total amount of the liquidated damages and leave nothing recoverable by the defendant against the plaintiff on the counterclaim.

The judgment should, therefore, be affirmed, without costs.

All concur, except TAYLOR, J., not voting. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment affirmed, without costs of this appeal to either party.