THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM W. SHOEMAKER, Appellant.\*

Fourth Department, January 15, 1930.

---

\* Revg. 134 Misc. 542.

*Carlos C. Alden*, for the appellant.

*Hamilton Ward, Attorney-General [Lafay C. Wilkie, Special Attorney for the State's Department of Law,* of counsel], for the respondent.

*Seward A. Miller*, for the Dairymen's League Co-operative Association, Inc., *amicus curiæ.*

SEARS, P. J.   The judgment before us for review is for a penalty for the violation of sections 252 and 253 of the Agriculture and Markets Law (Laws of 1922, chap. 48, as amd. by Laws of 1927, chaps. 207, 416)∎ in operating a milk gathering station or plant where milk and cream are bought from producers, defendant not having been licensed by the Commissioner of Agriculture and Markets as required by the Agriculture and Markets Law.

The defendant answered alleging among other things that the statute involved was unconstitutional and denying that he was a person buying milk or cream from producers, for the reason that he purchased all milk and cream handled by him from the Dairymen's League Co-operative Association, Inc., which, by reason of certain facts alleged in the answer and hereafter referred to, was not a producer.

Two points are raised in this case which were not presented in *People* v. *Perretta, Nos. 1 & 2* (228 App. Div. —— ), decided herewith.

*First.* The defendant here urges that he has committed no offense subjecting him to a penalty because of the provision of section 1177 of the Civil Practice Act and the decision of the Appellate Division in *People* v. *Beakes Dairy Co.* (179 App. Div. 942).

Section 1177 of the Civil Practice Act is as follows: " Whenever, by the decision of the Appellate Division of the Supreme Court, a construction is given to a statute, an act done in good faith and in conformity to that construction, after the decision was made and before a reversal thereof by the Court of Appeals, is so far valid that the party doing it is not liable to any penalty or forfeiture for an act that was adjudged lawful by the decision of the court below. This section does not control or affect the decision of the Court of Appeals upon an appeal actually taken before the reversal."

To make this section available to the defendant it would seem that the defendant should have alleged in his answer the facts concerning the decision of the Appellate Division in *People* v. *Beakes Dairy Co.* (*supra*). However, passing this technical point and disregarding all amendments to the law enacted since the decision in the *Beakes Dairy Co.* case, it is our view that the decision of the Appellate Division, after the determination of the appeal therefrom by the Court of Appeals (222 N. Y. 416), cannot be deemed a decision to the effect that the statute involved is unconstitutional. The judgment entered by the Appellate Division (as distinguished from the order on which it was entered and the statement of the grounds of the decision printed in the volume of Appellate Division reports) was simply to the effect that the judgment entered on the order of the Special Term was reversed. To discover the ground upon which the judgment was granted, the order on which it was entered and the record in the Appellate Division report may be consulted. As the matter stood from the time of the entry of the Appellate Division judgment until the decision upon the appeal by the Court of Appeals, it may be assumed that there was a decision of the Appellate Division holding the law unconstitutional. When, however, the Court of Appeals affirmed the judgment specifically upon the ground that the com-

plaint failed to show a violation of the statute and further expressed a considered opinion that the law was constitutional as it affected the defendant in that case, the judgment of the Appellate Division must be interpreted by the opinion of the Court of Appeals expressed in affirming it. To hold otherwise would be giving effect to the letter without regard to the spirit, would require us to shut our eyes so as not to see the obvious.

*Second.* The defendant contends that the answer raises an issue as to whether he is a person purchasing milk or cream from producers within the meaning of sections 252 and 253 of the Agriculture and Markets Law, and that, therefore, the judgment against him on the pleadings is erroneous. He amplifies his denial of the allegation of the complaint that he was engaged in the business of buying milk and cream from producers by alleging that he purchased all milk and cream handled and sold by him from the Dairymen's League Co-operative Association, Inc., a domestic corporation organized under article 13-A of the Membership Corporations Law (added by Laws of 1918, chap. 655, as amd.), continuing as such corporation by virtue of section 142 of the Co-operative Corporations Law. The provisions of the Agriculture and Markets Law under which the penalty has been imposed, by its terms, applied only to a person or corporation buying milk or cream from producers. (Agr. & Mkts. Law, § 252.) The word " producer " is not synonymous with the word " dealer." It refers to those who obtain the milk from the cows. It does not include persons or corporations who purchase the milk from those who obtain it from the cows. (*Wilson* v. *Israel*, 227 N. Y. 423.) The Dairymen's League Co-operative Association, Inc., was not a producer in this sense. But the plaintiff urges that the defendant purchased merely through the agency of the Dairymen's League Co-operative Association, Inc., a co-operative organization, and that the purchases by defendant were in fact from the producers for whom the agent acted. In support of this contention, the language of the contracts between producers and the Dairymen's League Co-operative Association, Inc., are referred to, and certain expressions contained in the opinions in *Parker* v. *Dairymen's League Co-operative Assn., Inc.* (222 App. Div. 341) and *Dairymen's League Co-operative Assn., Inc.,* v. *Holmes* (207 id. 429; affd., 239 N. Y. 503) are pressed upon our attention. It is quite true that the contracts between the association and members are phrased in terms of agency, and in the opinions cited the relations between producers and the Dairymen's League Co-operative Association, Inc., are at times referred to in terms of agency; nevertheless, we reach the conclusion that the defendant in pur-

chasing milk and cream from the Dairymen's League Co-operative Association, Inc., was not buying from a producer within the meaning of the statute. The milk delivered by the Dairymen's League Co-operative Association, Inc., was received by it from many producers; milk from many producers was blended into one fluid mass. Money received in payment was merged into one fund, and after making certain deductions, the fund was ratably distributed among all who delivered milk to the association. It is conceded by counsel representing the Dairymen's League Co-operative Association, Inc., that the title to the milk passed from the producers to the league. The contract between the Dairymen's League Co-operative Association, Inc., and the defendant was a direct contract for the sale of milk by the Dairymen's League Co-operative Association, Inc., to the defendant. Agency is not mentioned in it. The provisions of section 69 of the Co-operative Corporations Law (as amd. by Laws of 1926, chap. 607) are to be considered. Subdivision 4 of that section contains the following language:

" 4. All contracts, made by the corporation with third parties, for the sale or other disposition of products which the corporation has contracted with members or non-members to market for them, shall in all respects be deemed to be the obligations of the corporation within the meaning of this section, whether made by the corporation as principal or as agent for such members or non-members." (See *Mandell* v. *Cole*, 244 N. Y. 221.)

Under such a practice, even without regard to the provisions of section 69 of the Co-operative Corporations Law quoted, no particular producer could say that he had any claim against the buyer for any particular sum of money for any particular milk or cream sold by the Dairymen's League Co-operative Association, Inc. A claim against the defendant for milk sold by it would have to be made by the Dairymen's League Co-operative Association, Inc. But the Dairymen's League Co-operative Association, Inc., as has been said, is not in and of itself a producer, nor is it such an organization as would naturally need protection in respect to debts due it. It has all the machinery and capacity for protecting itself that any large corporation would be expected to have. In this very case it is alleged that it has itself received a bond directly from the defendant to assure payment of debts due from the defendant.

In view of the character of the organization of the Dairymen's League Co-operative Association, Inc., its method of conducting business and the provisions of section 69 of the Co-operative Corporations Law, we conclude that the allegations in the answer in respect to the transaction between the defendant and the Dairymen's

League Co-operative Association, Inc., do not establish that the defendant was a person buying milk or cream from producers within the meaning of the statute.

An issue of fact was, therefore, raised by the answer, and the motion for judgment was erroneously granted.

' The judgment should, therefore, be reversed and the motion denied, with costs.

All concur in the grounds stated for reversal, and CROUCH, EDGCOMB and CROSBY, JJ., also vote for reversal upon the grounds stated in the prevailing opinion in the cases of *People* v. *Perretta, Nos. 1 & 2* (228 App. Div. 420), decided herewith. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law, with costs, and motion denied, with ten dollars costs.