BERNE A. PYRKE, as Commissioner of Agriculture and Markets of the State of New York, Appellant, v. JACOB A. BRUDNO, Defendant, Impleaded with THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent.

BERNE A. PYRKE, as Commissioner of Agriculture and Markets of the State of New York, Appellant, v. JACOB A. BRUDNO, Defendant, Impleaded with INDEMNITY INSURANCE COMPANY OF NORTH AMERICA and Another, Respondents.

Third Department, March 12, 1935.

*John J. Bennett, Jr.*, Attorney-General [*Henry Epstein*, Solicitor General, and *Manuel Dittenheimer*, Assistant Attorney-General, of counsel], for the appellant.

*Thomas E. White* [*P. C. Dugan* of counsel], for the respondent Fidelity and Deposit Company of Maryland.

*Charles B. Sullivan* and *Warner M. Bouck*, for the respondent Indemnity Insurance Company of North America.

HILL, P. J. Plaintiff appeals from judgments dismissing on the merits the complaints in these two cases. The actions were brought against the defendant Brudno and his sureties under section 252 of article 21 of the Farms and Markets Law (now Agriculture and Markets Law) to recover an unpaid balance for milk and cream sold Brudno. The actions are identical. The plaintiff in each action is the Commissioner of Agriculture and Markets of the State. Brudno was the defendant who purchased milk from the producers, but payment was guaranteed by different surety companies. The bond furnished under the statute is security for the payment of the purchase price of milk bought by a dealer from the producer, and does not apply to transactions between dealers. The Dairymen's League Co-operative Association, Inc., had not purchased this milk from the producers, but under the contract was acting as the sales agent for them. It contracted to sell milk to Brudno. The producers were the dairy farmers living in the vicinity where Brudno operated his plant. Each producer delivered his own milk. Payment was to be made to the sales agent and under the contract the funds were to be mingled with those belonging to all the members of the league, and certain deductions made before distribution. Irrespective of this mingling, the contract was one of agency and not of purchase and sale.

The facts distinguish these cases from *People* v. *Shoemaker* (228 App. Div. 314; affd., 254 N. Y. 567).

The judgments should be reversed on the law, with costs, and plaintiff should recover in each action.

McNamee, Crapser and Heffernan, JJ., concur; Bliss, J., dissents with an opinion.

Bliss, J. (dissenting). I must respectfully dissent from the decision of the majority of the court and the reasons assigned in the opinion of our presiding justice. I do so upon the authority of *Wilson* v. *Israel* (227 N. Y. 423); *People* v. *Shoemaker* (228 App. Div. 314; affd., without opinion, 254 N. Y. 567), and section 69 of the Co-operative Corporations Law.

The membership contract between the Dairymen's League Co-operative Association, Inc., and its producer members is substantially, word for word, identical with the contract in the *Shoemaker* case. As in that case, the sales contract is here made between the league and the dealer for the sale of the milk. In that case the producer members apparently actually delivered the milk first to the league and the league then delivered to Shoemaker, the dealer, while here the producer members made the actual delivery to Brudno. But such delivery was made in pursuance of the two contracts, membership and sales, the same as in the *Shoemaker* case, and these contracts determine the relations and rights of the parties. The league then paid the producers in full for all milk delivered by them to Brudno. Such payments were at the regular league price, that is, each producer's respective ratable proportion of the blended proceeds of the sale of all the milk produced by all the members of the league during the period, subject to certain differentials. The league has now recovered in its own name a judgment against Brudno for the balance due upon this sales contract and it filed a claim with the Commissioner in its own name for this amount. Any recovery by plaintiff here will ultimately be paid, not to the South Otselic producers, but to the league, and all the members of the league at the time of such payment will benefit in the distribution of such funds. The league itself is not a producer. (*Wilson* v. *Israel, supra.*) The sale of milk to Brudno was made by the league and not by any of its individual members. (Co-operative Corporations Law, § 69, subd. 4.)

I vote for affirmance in each case.

In the first case: Judgment reversed on the law, with costs against the respondent The Fidelity and Deposit Company of Maryland, and judgment in favor of the plaintiff and against the defendants for the sum of $7,723.69, with interest from September 1, 1926, is directed, with costs.

The court disapproves and reverses such findings of fact as may be contained in the following paragraphs of that portion of the decision captioned " Conclusions of Law," paragraphs 1, 3, 4 and 5, and finds as requested by the plaintiff in the following paragraphs of that portion of his requests to find captioned " Conclusions of Law," paragraphs 2, 3, 4 and 5.

In the second case: Judgment reversed on the law, with costs against the respondent Indemnity Insurance Company of North America, and judgment in favor of the plaintiff and against the defendants Brudno and the Indemnity Insurance Company of North America, for the sum of $2,759.89, with interest from December 27, 1928, is directed, with costs.

The court disapproves and reverses such findings of fact as may be contained in the following paragraphs of that portion of the decision captioned " Conclusions of Law," paragraphs 1, 3, 4 and 5, and finds as requested by the plaintiff in the following paragraphs of that portion of his requests to find captioned " Conclusions of Law," paragraphs 2, 3, 4 and 5.