J. WEINSTEIN & SONS, INC., Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, June 19, 1942.

*William Weisman* of counsel [*Arthur Block* with him on the brief; *Bernard L. Baskin*, attorney], for the appellant.

*Paxton Blair* of counsel [*Albert Cooper* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

Dore, J. The issue on this appeal is whether a clause in a contract under which plaintiff was to furnish defendant with dress woolens, provides for liquidated damages or a penalty.

Plaintiff, in response to an invitation to bid issued by defendant's department of purchase, put in a bid to supply a large quantity of dress woolens for a W. P. A. sewing project for the sum of $22,057.59. The bid was accepted and an order received by plaintiff on August 9, 1938. Under the terms of the contract delivery was to commence ten days after date of the order. From August 16, 1938, to September 26, 1938, plaintiff made deliveries totaling over 60,000 yards. Some few deliveries were a day or so late but defendant accepted all deliveries and retained the goods until September 29, 1938. On that date defendant notified plaintiff that 507 bolts of woolens had been rejected as not fully shrunk. Defendant, it should be noted, had kept deliveries for long periods before claiming the goods should be reshrunk. But plaintiff reshrunk the goods and redelivered between October 17, 1938, and November 4, 1938.

Defendant paid plaintiff $19,070.14 but retained the balance as liquidated damages under the following clause in the contract: " Liquidated Damages. If the contractor fails to make proper delivery of commodities or partial delivery thereof within the time specified for delivery, he shall pay to the City as liquidated damages and not by way of penalty for the period after the commodity was due until such delivery is made or until the commissioner secures the undelivered merchandise from others, the sum equivalent to one per cent per day or fraction thereof of the contract value of the quantity of merchandise ordered but not delivered." The amount deducted and retained, $2,957.45, was fixed by the department of welfare as the equivalent of a twenty per cent deduction, although the alleged delay was for more than twenty days. Plaintiff sued to recover the sum retained, the trial court granted judgment for defendant, and plaintiff appeals.

The goods were to be delivered to a W. P. A. sewing project to be made into skirts for the department of welfare, which planned to distribute 50,000 skirts as part of its clothing program. A witness for defendant employed in the department of welfare testified that there was some inconvenience because of the late deliveries as the department had to change its plans for distribution of woolen skirts. But no claims were ever made against defendant or any money damages suffered by it as a result of the alleged delayed deliveries, and there was no proof that the goods could not be readily obtained from others.

Whether a clause in a contract provides for liquidated damages or for a penalty depends on the intention of the parties, which

is to be gathered from the language used in making the contract, read in the light of the circumstances surrounding the parties at the time. (*Curtis* v. *Van Bergh*, 161 N. Y. 47, 51.) The subject-matter of the contract was not unique or something that could not be readily obtained from others or did not have a readily ascertained market value. It may not be said that when the contract was made the parties contemplated that defendant could keep deliveries for a long period and then later demand that the goods be reshrunk and charge the total elapsed time as alleged delayed deliveries on the part of the contractor. "The tendency of the courts in doubtful cases is to favor the construction which makes the sum payable for breach of contract a penalty rather than liquidated damages, even where the parties have styled it liquidated damages rather than a penalty." (*City of New York* v. *B. & M. Ferry Co.*, 238 N. Y. 52, 56.) "The deposit is not necessarily to be regarded as liquidated damages, although it is expressly so stated in the instrument." (*Caesar* v. *Rubinson*, 174 N. Y. 492, 496.) It is not shown that actual damages for delayed deliveries of this type of ordinary merchandise could not easily be established. "Generally whenever the damages flowing from a breach of a contract can be easily established or where the damages fixed are plainly disproportionate to the injury the stipulated sum will be treated as a penalty." (*Seidlitz* v. *Auerbach*, 230 N. Y. 167, 173, 174.) Agreements to pay fixed sums characterized as liquidated damages which plainly have no reasonable relation to any probable damage that may follow a breach will not be enforced. (*Kothe* v. *Taylor Trust*, 280 U. S. 224, 226; *Wirth & Hamid Fair Booking, Inc.*, v. *Wirth*, 265 N. Y. 214, 223.)

All the facts and surrounding circumstances herein indicate that the so-called liquidated damages bore no reasonable relation to any probable or actual loss and that the clause in question provided for a penalty and not liquidated damages. The proof establishes that no claims were made against defendant and that defendant suffered no financial damage whatsoever. By its own action defendant impliedly admits the unreasonableness and excessiveness of its formula since it did not take the full percentage it claims it was authorized to take, but an arbitrary figure fixed by someone in the department of welfare on the basis of a telephone communication from the department of purchase. We think the trial court erroneously held that the sum retained was properly retained as liquidated damages.

The judgment appealed from should be reversed, with costs, and judgment directed to be entered in favor of plaintiff in the sum of $2,957.45, with interest and costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed to be entered in favor of plaintiff in the sum of $2,957.45, with interest and costs. Settle order on notice.