SIGMUND WYLER, as Trustee under the Will of MARTIN SIMONS, Deceased, Respondent, *v.* ELIZABETH SCHINDLER, Defendant, and FRANK J. SINNOTT et al., Defendants-Appellants.

First Department, February 11, 1944.

*Stephen S. Bernstein* of counsel (*McLaughlin & Stern,* attorneys), for appellants.

*Lloyd B. Kanter* of counsel (*Lewis, Marks & Kanter,* attorneys), for respondent.

UNTERMYER, J. The plaintiff has recovered a judgment for $14,787.15, for installments of interest on a collateral bond in the sum of $33,000 executed by the appellants on March 11, 1925. The defendant Schindler has not appealed.

In 1923 the appellants purchased premises 882–888 St. Nicholas Avenue, New York City, taking title in the name of Schindler, a stenographer in their office. Schindler executed a purchase money bond and mortgage for $33,000. The appellants knew that there was an alleged defect in the title affecting that portion of the property under which was located the Croton Aqueduct, consisting of an easement in favor of the city of New York to construct and maintain the Croton Aqueduct.

In 1925 when the mortgage became due the New York Title & Mortgage Company agreed to acquire the mortgage by assignment and to extend the maturity, on condition that the appellants should execute a collateral bond " until the easement of the city of New York was cleaned up." The appellants then executed such a bond in the usual form, reciting that the obligation to pay the sum of $33,000 (the amount then due on the bond and mortgage) should be void if either the sum of $33,000 was paid in accordance with the terms of the bond and mortgage " or if the City of New York releases that portion of the premises described in the above described mortgage made by Elizabeth Schindler to M. Taylor Pyne, taken by it for the Croton Aqueduct * * *."

The record does not disclose with certainty whether, in the many years which have elapsed since this transaction occurred, the city has released its easement, although there are indications that it no longer exists. We assume, however, that it still exists, even though it would seem that the burden was on the plaintiff to establish a breach of this condition of the bond. The record contains evidence, however, that the easement in favor of the city allowing the construction of an aqueduct beneath a portion of the mortgaged property did not result in any substantial impairment of its value. Nevertheless, for the failure to secure the extinction of that easement the defendant has been held liable for an amount measured by the liability upon the

mortgage. We think that result is opposed to the provisions of section 160 of the Civil Practice Act which limit the plaintiff to such damages as would result from the failure to secure a release of the easement, in no event exceeding the sum specified in the bond.

In the present case the bond is satisfied by the performance of either of two alternative conditions. It will be satisfied if the mortgage is paid. It will also be satisfied if the easement is released by the city of New York. Since the exercise of that option is for the benefit of the obligors, the damage resulting from the breach of the bond must be measured by the lesser in value of these alternatives (*City of New York* v. *B. & M. Ferry Co.,* 238 N. Y. 52; *Seidlitz* v. *Auerbach,* 230 N. Y. 167; *Hackenheimer* v. *Kurtzmann,* 235 N. Y. 57). If the value of that alternative condition is disproportionate to the sum specified in the bond we must hold it to be penal in character. Otherwise such a bond, without referring at all to the question of damages, could be made the means of enforcing a penalty or forfeiture. (2 Sutherland on Damages [4th ed.] § 470.) It need only provide, as does the bond in the present case, for the imposition of a liability for a definite sum which is averted by the performance of a specified act. If the act is not performed the amount specified in the bond would then become the measure of the damages.

Since early times the courts have been aware of the dangers inherent in such provisions. A remedy was first provided in the year of 1697 by the Statute of 8 and 9 William III, chapter 11, section 8 (2 Sutherland on Damages [4th ed.] § 470 *et seq.*), the substance of which is now incorporated in section 160 of the Civil Practice Act (*Burston* v. *Garrett Building Corp.,* 252 N. Y. 230). That section provides: " A bond in a penal sum, executed within or without the state and containing a condition to the effect that it is to be void upon performance of any act, has the same effect, for the purpose of maintaining an action or special proceeding or two or more successive actions or special proceedings thereupon, as if it contained a covenant to pay the sum or to perform the act specified in the condition thereof. * * * ,,

The import of these provisions in their application to the present case is that the failure to secure a release of the property from the easement would entitle the plaintiff to recover for the damage actually sustained, not exceeding the sum specified in the bond (3 Williston on Contracts [Rev. ed.] § 782), precisely as if that condition were a covenant. It does not sub-

ject the appellants to liability for a sum which may be, and would appear to be, wholly disproportionate to the injury which the plaintiff has sustained.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.