FIRST DEPARTMENT, NOVEMBER, 1972

(November 2, 1972)

■ GENERAL TYPEWRITER CORPORATION, Respondent, v. FEDERAL INSURANCE COMPANY, Defendant-Appellant and Third-Party Plaintiff. DYNAMIC COMPUTERS/SYSTEMS CORP. et al., Third-Party Defendants.— Order, Supreme Court, New York County, entered on March 9, 1972, granting summary judgment, unanimously modified, on the law, and plaintiff's motion and the motion of the third-party plaintiff for summary judgment denied, and the judgment entered on March 20, 1972 unanimously reversed, on the law, and vacated, and the matter remanded for service of pleadings. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The default judgment against the impleaded defendants is vacated, without costs. This action was commenced by service of a summons and notice of motion for summary judgment in lieu of a complaint pursuant to CPLR 3213 seeking to recover $25,000 upon a return of a property bond executed by appellant as surety for the Dynamic Computers/Systems Corp. Besides insuring the return of the property in question which consisted of two typewriters, the bond contained the further condition that the typewriters were to be returned to the obligee by December 31, 1970. It is undisputed that while one of the typewriters was timely returned, the other one was not returned to plaintiff until January 12, 1971. Late return of the property does not justify recovery of the full amount of the bond. Unless otherwise stipulated, the bond should be construed as a covenant to pay damages actually suffered. (*Wyler* v. *Schindler,* 267 App. Div. 380, affd. 293 N. Y. 685; *People ex rel. Kenny* v. *Kenny,* 277 App. Div. 578.) Plaintiff is not entitled both to the return of the typewriter and to $25,000. Besides the issue of damages, there is also raised the issue as to whether the plaintiff had agreed to extend the date of delivery of the typewriter. While Thomas Wolff's letter of January 11, 1971 to plaintiff's president may not for reasons then appearing be admissible at trial, it may be considered in ascertaining whether a triable issue of fact exists. (*Bourgeois* v. *Celentano,* 10 A D 2d 824; *Raybin* v. *Raybin,* 15 A D 2d 679.) The judgment over was granted to plaintiff by default to recover against the impleaded defendants any sum for which plaintiff might be held responsible. Since the judgment against plaintiff is vacated, it follows that the judgment over must

also fall. Concur — McGivern, J. P., Markewich, Nunez, Murphy and McNally, JJ.