■ TRUCK RENT-A-CENTER, INC., Respondent, v PURITAN FARMS 2ND, INC., et al., Appellants.—In an action *inter alia* to recover damages for breach of contract, defendants appeal from a judgment of the Supreme Court, Queens County, dated May 14, 1975, in favor of plaintiff for $84,653.72, plus interest, costs and disbursements, after a nonjury trial. Judgment affirmed, with costs. Plaintiff leased 25 milk delivery trucks to defendant Puritan Farms 2nd Inc. (Puritan) under a written truck lease and service agreement, with defendant Honeywell Farms, Inc., guaranteeing the

lessee's obligations. The lease commenced February 3, 1969, for a seven-year term, with an agreed rental of $1,275 per week. Puritan paid a four-week security deposit of $5,100. By letter dated December 7, 1973, Puritan advised plaintiff that it was terminating the lease, effective December 14, 1973, for plaintiff's failure to properly maintain and service the vehicles. All trucks were returned to plaintiff, which refused to accept Puritan's termination of the lease and instituted this action based upon Puritan's breach. We agree with the trial court that Puritan breached the lease agreement and that plaintiff is entitled to damages as provided for in the liquidated damage clause of the lease (par 16 thereof) which provides: "16. Upon the termination of this agreement, * * * Lessor * * * shall be entitled to damages, herein liquidated for all purposes * * * as follows: (a) The sum of all rents designated as 'Fixed Rental Charges' which would have become due under the normal operation of this agreement from the date of the said termination to the date of its otherwise stated termination, including any effective renewal period; less (b) The re-rental value of said motor vehicles which is hereby agreed upon as fifty per cent (50%) of the sum of such 'Fixed Rental Charges' as are set forth in subdivision '(a)' of this article [i.e., paragraph]. In arriving at said liquidated damages, the parties hereto have considered, among other factors, Lessor's substantial * * * investment in purchasing or reconditioning for Lessee's service the demised motor vehicles, the uncertainty. of Lessor's ability to re-enter the said vehicles, the costs to Lessor during any period the vehicles may remain idle until re-rented, or if sold, the uncertainty of the sales price and its possible attendant loss. The parties have also considered, among other factors, in so liquidating the said damages, Lessor's saving in expenditures for gasoline, oil and other service items." Defendants contend that the foregoing paragraph does not fairly fix damages, but is, in fact, a penalty provision and should not be enforced. We disagree. Whether paragraph 16 is a valid liquidated damage clause or a penalty provision must be determined as of the date of the execution of the agreement, not as of the date of its breach (see *Joint Ind. Bd. of Painting & Decorating Ind. v Kaplan,* 66 Misc 2d 427); and, if .the clause was reasonable at the time of its execution, it will be upheld "despite the fact that the actual loss ensuing may be much less than the sum agreed upon" *(Konner Rental Corp. v Pedone,* 50 Misc 2d 69, 71). Accordingly, the special facts surrounding this transaction, and the intention and knowledge of the parties at the time of its execution, are dispositive. If the damages which may result from a future breach are not easy to compute, the parties may agree upon a liquidated amount and their agreement should control. The underlying transaction herein was the lease of trucks specifically designed and altered for Puritan's use in the retail milk trade. It was known to Puritan that plaintiff had purchased these trucks to perform this agreement, that plaintiff had financed them and that the term of the financing agreement coincided with the term of the lease. The details of the financing were actually referred to in the lease. Plaintiff additionally agreed to provide extensive and continual maintenance on all the trucks—and to service them. This required a considerable work force. When plaintiff agreed to specifically design and provide trucks for this particular business, the parties, at the time of the inception of the agreement, realized that it would be difficult to compute exactly what damages would result from a future breach of that agreement. It is precisely for such an occasion that a liquidated damage clause is appropriate. However, the damages fixed must not be plainly disproportionate to the injury *(Seidlitz v Auerbach,* 230 NY 167, 173–174). This record reflects that the damages actually sustained are

not disproportionately larger than the liquidated award and, in fact, the actual damages may even be greater than the amount fixed in the contract. The disputed paragraph for damages was not an unintended boiler-plate provision, but one deliberately inserted for the special circumstances of this transaction. The printed agreement contains several amendments and four typewritten endorsements, evincing a document which has in fact been studied and negotiated. Accordingly, the parties' intentions should control and the judgment, for the liquidated amount, should be affirmed. Latham, Margett and Christ, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum, in which Rabin, Acting P. J., concurs: Under a lease and service agreement, plaintiff delivered 25 milk trucks to Puritan Farms 2nd Inc. (Puritan). Alleging that Puritan breached the agreement, plaintiff sued to recover damages under what the trial court found to be a valid liquidated damage clause. Determining that Puritan had in fact breached the agreement, the trial court, without proof of specific damages, awarded judgment to plaintiff under the formula contained in the so-called liquidated damage clause. I believe that Puritan's breach was not established and that the clause is a penalty provision and, therefore, vote to reverse.[1] The liquidated damage clause is contained in a printed form lease upon which the name of plaintiff is typed, thus making it obvious that the clause was nothing but a printer's boiler-plate provision, having no particular relevance to any party who would use it. The clause in question fixed plaintiff's damages at 50% of the gross rentals it was to receive for the unexpired term of the lease. In determining whether a damage provision in an agreement is a penalty or a legitimate liquidated damage clause, any reasonable doubt should be resolved in favor of a construction which holds the provision to be a penalty. As the Court of Appeals said in *City of New York v Brooklyn & Manhattan Ferry Co.* (238 NY 52, 56): "The tendency of the courts in doubtful cases is to favor the construction which makes the sum payable for breach of contract a penalty rather than liquidated damages, even where the parties have styled it liquidated damages rather than a penalty." (See, also, *Jarro Bldg. Inds. Corp. v Schwartz,* 54 Misc 2d 13, 19.) The evidence adduced by plaintiff clearly shows that its damages, in the event of a breach, could be ascertained with almost mathematical precision. Under such circumstances, reliance on the liquidated damage clause was impermissible since the damages flowing from a breach of this contract can be easily established *(Seidlitz v Auerbach,* 230 NY 167, 173; *Weinstein & Sons v City of New York,* 264 App Div 398, 400, affd 289 NY 741). As defendants properly point out, the best proof that the clause in question is a penalty clause is that, assuming Puritan had repudiated the lease shortly after it was entered into, plaintiff, which expected to make a profit of 25% of the gross rentals over the life of the lease—seven years—could, under the so-called liquidated damage clause, "claim 2½ times that sum immediately—and would have a fleet of shiny new trucks, which plaintiff could presumably rent or sell to

---

1. Subdivision (1) of section 2-718 of the Uniform Commercial Code provides: "(1) Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty." This test "is similar to that proposed by authorities prior to the code's enactment" *(Equitable Lbr. Corp. v IPA Land Development Corp.,* 38 NY2d 516, 520).

someone else." When a provision gives a party the right to have its cake and eat it too, it is a penalty and not a legitimate liquidated damage clause. If further proof be needed to establish that we are dealing with a true penalty clause, it is the fact that .Puritan, under the terms of the lease agreement, had the right, at any time and for any reason, to acquire title to the trucks and to pay plaintiff $2,500 for them, thereby bringing plaintiff's profits on the transaction down to that nominal sum. Under these circumstances, the judgment, which awards plaintiff damages in excess of $84,000, and still leaves it with title to the trucks, is an unconscionable windfall, which should not receive judicial approval.[2] In view of my conclusion that a new trial is required to permit plaintiff to establish the breach and, if it does, its actual damages, I do not find it necessary to reach the other points urged by appellants for reversal.

2. In the *Equitable Lbr.* case (38 NY2d 516, 521, *supra),* the court said: "Our courts have, in the past, refused to enforce a liquidated damages provision which fixed damages grossly disproportionate to the harm actually sustained, or likely to be sustained, by the nonbreaching party (14 NY Jur Damages, § 162; see, e.g., *Wirth & Hamid Fair Booking v Wirth,* 265 NY 214; *Seidlitz v Auerbach,* 230 NY 167; *Weinstein & Sons v City of New York,* 264 App Div 398, 399, affd 289 NY 741; *Parker v Dairymen's League Co-Operative Assn.,* 222 App Div 341, 346). In *Wirth & Hamid Fair Booking (supra,* p 223), this court noted that '[l]iquidated damages constitute the compensation which, the parties have agreed, must be paid in satisfaction of the loss or injury which will follow from a breach of contract. They must bear reasonable proportion to the actual loss. * * * Otherwise an agreement to pay a fixed sum upon a breach of contract, is an agreement to pay a penalty, though the parties have chosen to call it "liquidated damages", and is unenforceable.' "