Robert J. Trainor, J.
Plaintiffs have instituted a ‘ ‘ taxpayer’s action ” pursuant to section 51 of the General Municipal Law against the supervisors and eouncilmen of the Town of Yorktown, in the two most recent town administrations, and others, for damages and equitable relief arising out of the establishment of Yorktown Heights Sewer District Extension No. 1.
The most recent supplemental and amended complaint alleges five causes of action. The first — seeks to annul the original order establishing the district; the second — seeks money damages from certain defendants contractors; the third — seeks money damages from the supervisors and members of the respective town boards for conflict of interests; the fourth — seeks to set aside certain contracts for highway repairs, and seeks money damages from certain defendants contractors; and the fifth— seeks money damages from the aforesaid town officials for alleged conflict of interests in the said highway repairs.
The various defendants interpose two common answers alleging, in addition to general denials, an affirmative defense concerning a short Statute of Limitations as to the first cause of action, and an affirmative defense of “ lack of standing ” to the first, second and third causes of action.
Presently before the court is a motion by plaintiffs to dismiss the affirmative defenses and for summary judgment on the fifth cause of action. The defendants cross-move for an order permitting the amendment of the answers with respect, first, to an alleged typographical error in paragraph “ 5 ” of the respective answers which substituted the designation section 1 ‘ 209-6 ’ ’ of the Town Law instead of section “ 195 ” of the Town Law, and second, to amend the answers to reallege paragraphs “ 13 ”, *452 “ 14 ”, “ 15 ”, “ 17 ”, “ 18 ”, and “ 19 ” of the answers as to the fifth cause of action.
Disposing of the last item first, the cross motion by defendant to amend the answers by realleging paragraphs “ 13 ”, “ 14 ”, “ 15 ”, “ 17 ”, “ 18 ” and “ 19 ” of the answers in defense of the fifth cause of action is granted, and consequently plaintiff’s motion for summary judgment as to said cause of action is denied as the material allegations will now be in issue.
Next, the court deems it appropriate to consider the motion by plaintiffs pursuant to CPLR 3211 (subd. [b]) to strike the affirmative defense of “no standing”. Section 51 of the General Municipal Law which authorizes so-called ‘ ‘ taxpayers actions ’ ’ specifies certain prerequisites to qualify parties plaintiffs to such an action and refer to persons or combinations thereof whose assessments total a stated minimum, and who are actual taxpayers in the political subdivision concerned. The plaintiffs herein are taxpayers in the Town of Yorktown, but are not taxpayers within the geographic confines of the sewer district or any extension thereof. Hence, are the plaintiffs, although “ taxpayers ” within the meaning of section 51 of the General Municipal Law, “ interested parties ” in the instant situation, which would give them standing to institute this action? We think not.
Section 191 of the Town Law, which prescribes the contents of a petition for the creation or extension of a sewer district requires that such petition “ shall be signed by the owners of taxable real property situate in the proposed district or extension thereof, owning in the aggregate at least one-half of the assessed valuation of all the taxable real property of the proposed district or extension thereof * * * Such petition
shall describe the boundaries of the proposed district or extension in a manner sufficient to identify the lands included therein as in a deed of conveyance, and shall be signed by the petitioners and acknowledged or proved in the same manner as a deed to be recorded.” Section 193 provides for a notice of hearing on the petition “ to hear all persons interested in the subject thereof, concerning the same ”. Section 194 provides: “ 1. After a hearing held upon notice as hereinbefore provided and upon the evidence given thereat, the town board shall determine by resolution: (a) whether the petition is signed and acknowledged or proved as required by law and is otherwise sufficient; (b) whether all the property and property owners within the proposed district or extension are benefited thereby; (c) whether all the property and property owners benefited are included within the limits of the proposed district or extension.”
*453 Paragraph (h) of subdivision 2 of the same section provides for a further hearing if it shall be found that ‘ ‘ any part or portion of the property or property owners within the proposed district or extension are not benefited thereby or that certain property or property owners benefited thereby have not been included ”, and the town board “ shall specify the necessary changes * * * in order that * * * only such property and property owners as are benefited shall be included within such proposed district or extension”. (Emphasis supplied throughout.)
From a reading of the foregoing it is obvious that the plaintiffs, who do not reside in or own property in the district, would have been without any standing to object and seek to prevent the creation of the district at the time it was first proposed pursuant to the foregoing sections of the Town Law.
Therefore, there being a complete absence of figurative consanguinity between the petitioners and the district, they would not seem to possess even an incorporeal hereditament in it. Thus, lacking birthright or pride of parentage in its creation, petitioners should not be heard to criticize its rearing or to prescribe the burial rites of the district.
There is a dearth of cases on this specific point; in fact we found none. However, one case seems to brush against it obliquely, i.e., Reister v. Town of Fleming, in Cayuga County. In that case, two women, each an owner of real property as a tenant by the entirety, sought to review the action of the town board in the creation of a water district in accordance with the provisions of section 190 et seq. of the Town Law, claiming it to have been illegal, arbitrary, capricious, an abuse of discretion, and discriminatory as to the costs and method of financing. The other tenants by the entirety, the husbands, were not parties to the proceeding. Trial term held that the husbands were necessary parties to complete the ownership in order to qualify as “ owners ”, and stated: “ It would seem to me, in the absence of any ruling which I have been able to discover, that the only ‘ interested parties ’ in a proceeding of this sort are owners of real property situate within the proposed District.” (Emphasis supplied.) On appeal of that case, the Appellate Division, Fourth Dept. (Matter of Reister v. Town Bd. of Town of Fleming, 24 A D 2d 548, affd. 18 N Y 2d 92) disagreed with the view expressed by the trial court, as follows: “ We do not approve the view expressed by the court below that petitioners are not ‘ interested persons ’ who may maintain this proceeding under subdivision 2 of section 195 of the Town Law. As owners * * * by the entirety of property which is within the pro *454 posed water district they have standing to review the determination of the Town Board establishing that district. ” (Emphasis supplied.)
Under the circumstances, defendants have a valid defense to the first, second and third causes of action. Plaintiffs’ motion is therefore considered one for summary judgment CPLR 3211 (subd. [c]) and summary judgment is granted to defendants CPLR 3212 (subd. [b]), dismissing the first, second and third causes of action, with costs. The additional relief requested is therefore moot.