Vincent A. Lupiano, J.
Motions numbered 52, 53, 54 and 58 of October 29, 1970 are consolidated and disposed of herewith.
This is an action brought by an alleged taxpayer, pursuant to section 51 of the General Municipal Law, for an order declaring as void, the demapping of portions of Pieldston Boad and West 242nd Street in Biverdale, and further, canceling the subsequent sale of said land area by defendant City of New York to defendant Society for Ethical Culture in the City of New York (Society).
The complaint contains five causes of action. The first alleges that the agreement between the city and the Society concerning -the sale of the land was not entered in good faith and in the public benefit and was therefore invalid and unlawful. The second cause of action alleges that the land area is a public park and therefore inalienable. The third alleges that the sale was unlawful as not done by public auction. The fourth alleges that the contract was not for sufficient consideration and hence was a gift, and the fifth alleges the unconstitutionality of the proceedings as governmental aid to a religious organization.
In the instant motion, defendants Society and the city move for summary judgment upon the grounds that plaintiff lacks standing to sue under section 51 of the General Municipal Law and that the complaint fails to state a cause of action.
The plaintiff cross-moves for summary judgment and for an order dismissing the affirmative defenses.
In addition, the city moves for an order quashing a subpoena duces tecum calling for the production of various books and records.
The pertinent provisions of section 51 of the General Municipal Law are as follows: “ All officers, agents, commissioners and other persons acting * * * for and on behalf of any * * * municipal corporation in this state * * * may be prosecuted, and an action may be maintained against them to prevent any illegal official act * * * or to prevent waste or *973 injury to, or to restore and make good, any property, funds or estate of such * * * municipal corporation by any person or corporation whose assessment # # * shall amount to one thousand dollars, and who shall be liable to pay taxes on such assessment ”.
The facts are not disputed that plaintiff is a leaseholder of certain premises near the area involved herein. Pursuant to said lease, plaintiff is liable for, and pays, the real estate taxes. However, it is also not disputed that plaintiff does not own the fee, is not directly assessed nor is plaintiff liable to the city for the payment of the assessed taxes.
The aforesaid statute provides a specific remedy for a clearly defined class of persons and it is evident that plaintiff herein does not satisfy the statutory requirements. Plaintiff’s claim that it pays sales taxes, income taxes, etc. does not place plaintiff within the class empowered to commence an action under this statute. If an amendment or modification of the statute is desired, this court obviously does not have the power to do so.
This is not to say that plaintiff was without a remedy. If it was a person aggrieved, an article 78 proceeding would possibly lie.
It remains however, that plaintiff herein clearly lacks capacity and'standing to bring this action under section 51 of the General Municipal Law and, accordingly, the motions of the Society and the city for summary judgment dismissing the complaint on this ground are granted. The cross motion of plaintiff is therefore denied and in view hereof, the motion by the city to quash the subpoena duces tecum is granted.