Harold R. Soden, J.
Plaintiff has instituted a “taxayer’s action” pursuant to section 51 of the General Municipal Law against the Town of Willsboro, two of its town officers, and four other defendants for damages and equitable relief arising out of certain alleged illegal and ultra vires acts.
Presently before the court is a motion by the defendants to dismiss the plaintiff’s action on the ground that the plaintiff lacks the legal capacity to maintain this action under section 51 of the General Municipal Law and that as a result the complaint fails to state any cause of action (CPLR 3211).
It is necessary to discuss this court’s previous rulings on motions concerning this case so that a complete picture of the *966 action is set forth for possible appellate court review. At the December, 1972 Essex County Supreme Court Equity Term, the defendants moved, and they were granted permission, to serve amended answers to plaintiff’s complaint to affirmatively allege the defense that this plaintiff lacked capacity to maintain this taxpayer’s action in that the proof would establish that while plaintiff paid school and water district taxes the plaintiff taxpayer paid no taxes to the defendant Town of Willsboro because of a veterans ’ tax exemption (Real Property Tax Law, § 458). At the same time, the court granted plaintiff’s request for permission to add additional taxpayers as party plaintiffs to the action to overcome this possible bar to the maintenance of the action. In April, 1973, plaintiff served an amended complaint which did not include additional party plaintiffs. The defendants’ answers to such amended complaint raise the issue of lack of capacity of this plaintiff either affirmatively or by attacking the complaint as a whole in failing to state a cause of action.
The operative allegation by plaintiff concerning his capacity to maintain this action appears at paragraph denominated 2 of this complaint where he alleges: “ The plaintiff is now and was at all times hereinafter mentioned the owner of real property assessed in the Town of Willsboro, County of Essex, State of New York, and a citizen and resident of said town. The said plaintiff was assessed in an amount in excess of $1,000.00 within one year previous to the commencement of this action.”
Some of the defendants admit this allegation while some deny it. Plaintiff contends that those defendants that admitted such allegations waived their right to now challenge plaintiff’s capacity. That contention presupposes that such allegation satisfies the requirements of section 51 of the General Municipal Law on the issue of capacity which, as will be discussed below, is erroneous. Any claim of waiver of this defense by any defendant ignores the realities of the situation and the complete discussion of the issue of capacity by all attorneys to the action before the court in December, 1972 (CPLR 3026, 3018, subd. [b]).
After issue was joined following the plaintiff’s service of his amended complaint, the action again came before the court for trial at the June, 1973 Term of Supreme Court, Essex County. The defendants then moved for dismissal of the action on the basis of plaintiff’s lack of capacity and/or failure to s'ate a cause of action. Extensive oral argument was heard and, dpe to the novel nature of the issue raised, the court requested and has received written memorandums of law on the issue from all parties. On July 25,1973 an evidentiary hearing was scheduled *967 to be held on this issue only (CPLR 3211, subd. [c]). Prior to this hearing the parties through their respective counsel stipulated certain facts and waived their right to produce oral testimony or other evidence on this issue. The stipulated facts are received in evidence by this court as Exhibit A and constitute the findings of fact of the court pursuant to CPLR 4213.
The evidence establishes that in January, 1972, when the action was commenced, this plaintiff’s property was assessed on the Town of Willsboro tax rolls in the amount of $4,200. It further appears that this plaintiff had applied for and had received a veterans’ exemption under section 458 of the Real Property Tax Law to the extent of $4,200. As a result of this tax exemption benefit the plaintiff pays no tax to the defendant, Town of Willsboro. The proof further established that this status existed for a period in excess of one year immediately preceding the commencement of1 this action.
The issue here is whether the plaintiff whose tax exemption serves to reduce his tax assessment liability so that he pays no tax upon an assessment of at least $1,000 can maintain a “ taxpayers ” action against the taxing municipality under section 51 of the General Municipal Law?
There does not appear to be any case authority on this limited issue although there are some cases that approach the area, some of which will be discussed below. It is to be noted that no issue as to the constitutionality of the particular provisions of section 51 of the General Municipal Law now under consideration was raised (see 36 Albany L. Rev. 203, 206, n. 22).
Section 51 of the General Municipal Law provides in pertinent part the following: ‘1 All officers * * * acting, or who have acted, for and on behalf of any county, town, village or municipal corporation in this state * * . * may be prosecuted, and an action may be maintained against them to prevent any illegal official act on the part of any such officers * * # or to prevent waste or injury to, or to restore and make good, any property, funds or estate of such * * * municipal corporation by any person or corporation whose assessment * * * shall amount to one thousand dollars, and who shall be liable tc J; ».y taxes on such assessment in the * * * municipal corporation to prevent the waste or injury of whose property the action is brought, or who have been assessed or paid taxes therein upon any assessment of the above-named amount within one year previous to the commencement of any such action.” (Emphasis added.)
*968 Based upon the above-quoted provisions of section 51 and the facts prevailing in the instant case does section 51 require that a so-called “ taxpayers action ” be maintained only by a taxpayer who pays or is liable to pay taxes upon an assessment of1 at least $1,000?
The legislative history of the current section 51 of the General Municipal Law evidences that in its original form under section 1 of chapter 161 of the Laws of 1872 the requirement for standing to bring such an action was that it could only be maintained by “ any person residing in such county, town or municipal corporation assessed for and Viable to pay taxes therein, or who has paid taxes therein within one year previous to the commencement of any such action or actions (Emphasis added.)
Subsequent amendments occurred not effecting any change in the requirement that the party plaintiff either be liable to pay or has paid the tax until the amendment in section 1 of chapter 531 of the Laws of 1881 when for the first time the following provisions were inserted: “ or who have been assessed or paid taxes therein”. (Emphasis added.)
Subsequent amendments to the basic “taxpayers action” statute represented by the present section 51 retained the above provisions and it is retained in section 51 at the present time.
In County of Albany v. Hooker (204 N. Y. 1) the Court of Appeals held that the County of Albany could not maintain an action under either of the then existing taxpayers’ statutes (General Municipal Law, § 51 and Code Civ. Pro., § 1925) for, among other reasons, it was not a taxpayer even though it was the owner of real property. It is noted that while the county owned real property it was exempt from real property taxes pursuant to a statutory exemption provided by the predecessors of section 406 of the Real Property Tax Law.
In Schieffelin v. Komfort (212 N. Y. 520, 527), the Court of Appeals considered the requirements for standing to bring a “ taxpayers ’ action ” under the then existing statutes authorizing such and, while the issue now under consideration was not involved, it described the basis for maintaining such action in the following language: ‘ ‘ The right of action is given to one who has paid a tax within one year or is assessed and liable to pay a tax and he maintains it for the purposes provided by the statutes. ’ ’ (Emphasis added.)
In its decision in Schieffelin (supra, p. 527) the court set out the particular provisions of section 51 of the General Municipal Law as it then existed, which included the provisions “ who have been assessed or paid taxes therein ”.
*969 In the recent case of Food Mart Assoc, v. City of New York (64 Misc 2d 971, 973, affd. 36 A D 2d 693), the plaintiff in that taxpayers’ action was a lessee who was not “ directly assessed nor * * * liable to the city for the payment of the assessed taxes.” In that case the lessee plaintiff paid the taxes to the owner under the terms of a lease agreement but as the court noted and deemed controlling it was neither directly assessed nor directly liable for such tax assessment.
In Mareno v. Kibbe (56 Misc 2d 451, 452), the court there in considering the standing requirements in a section 51 action stated: “ Section 51 of the General Municipal Law which authorizes so-called 1 e taxpayers actions 5 ’ specifies certain prerequisites to qualify parties plaintiffs to such an action and refer to persons or combinations thereof whose assessments total a stated minimum, and who are actual taxpayers in the political subdivision concerned.” (Emphasis added.)
While the Appellate Division, Second Department, modified and remanded the order entered upon that reported opinion (Mareno v. Kibbe, 32 A D 2d 825) their opinion characterized the status of the party plaintiffs as “ taxpayers ” and they did not qualify or quarrel with the dicta in the lower court opinion previously quoted. The same implied condition precedent of being an actual taaypayer was inferred in Morse v. Ereth (80 N. Y. S. 2d 321).
As can be observed from the cases discussed above, case authority precedent on the issue here is not of much assistance in resolving the question presented. The statute itself is at best a model of confusing and ambiguous legislative draftsmanship.
I am also aware of and have considered the rules of construction of statutes as codified in Statutes (McKinney’s Cons. Laws of N. Y., Book 1, Statutes).
The ambiguity of the provisions of section 51 of the General Municipal Law on the qualifications for standing to maintain such an action makes it necessary to apply such canons or rules of construction as are pertinent and arrive at a conclusion of its meaning on such issue (Statutes, §§ 71, 91). The primary issue in the construction of a statute is to give effect to the intentions of the Legislature in the enactment of the statute (Statutes, § 92). In Ayers v. Lawrence (59 N. Y. 192, 195, 196), the Court of Appeals in construing the purposes of the forefather of present day section 51, stated: 1‘ Municipal corporations had become to an alarming extent the prey of the spoiler, and the tax-payer, upon whom the loss fell and the burden of the wrong-doing ultimately rested, was remediless * * * The act was passed *970 with a view to remedy the felt defect in the law, and give the taxpayer a concurrent action with the corporation for the prevention or correction of the wrongs mentioned in it.”
The court further discussed the meaning of the word “ taxpayer ” as used in the act and it defined it (p. 201) as follows: “ Now a tax-payer is one assessed for and liable to pay and who pays taxes. An individual is not a tax-payer [within the meaning of the statute] who is not assessed or liable to pay them.”
In applying the accepted rules of construction and in the light of the evil intended to be corrected by section 51 of the General Municipal Law and its predecessors an(l the judicial interpretations pertaining thereto, it is the opinion and decision of this court that a party plaintiff in a “ taxpayers action ” under section 51 of the General Municipal Law must be a taxpayer of at least the minimum statutorily prescribed amount of assessed value, which in the present case is $1,000. This construction does not make ineffectual the provisions “ or who have been assessed or paid taxes therein upon any assessment of the above-named amount within one year previous to the commencement of any such action ” for such result would violate the rules of construction that all parts of a statute must be harmonized and given effect, if possible (Statutes, § 98, subd. a). Such provisions serve to preserve the rights of those persons whose assessment and liability for the tax meet the statute’s mínimums but who for one reason or another are divested either voluntarily (as by sale) or involuntarily (as by involuntary bankruptcy) of their tax liability before they became aware of or commence such action. If they should become apprised of such illegal actions within one year of their being divested of their tax liability And they timely commence the action, they would have standing to maintain such action. Under the evidence presented herein this plaintiff does not fall within such class nor does he meet the primary test of the statute, that is, being assessed and liable to pay the tax. For the reasons stated herein, the defendants’ motion is granted and the plaintiff’s summons and complaint against all defendants is dismissed with prejudice with costs to each defendant.
While it could be claimed that the result of this decision in effect denies veterans ’ rights granted to other citizens, it should be noted that the granting of the tax exemption resulting in such result is only secured by the particular veteran’s voluntary application for such exemption and for the tax avoidance benefits it secures for him.