■ In the Matter of A. LAWRENCE WASHBURN, JR., et al., Appellants, v HARRISON J. GOLDIN, as Comptroller of the City of New York, Respondent.— Judgment, Supreme Court, New York County, entered on February 1, 1977, granting the cross motion of the City of New York to dismiss the petition, unanimously affirmed. Respondent shall recover of appellants $60 costs and disbursements of this appeal. This proceeding was brought by the petitioner to challenge the extension agreement among the holders of revenue anticipation notes, tax anticipation notes, and the City of New York. The petitioners' position is that these notes cannot be extended beyond the dates which the taxes or revenues anticipated have been actually received by the city. Petitioners' standing to bring this proceeding is predicated on a claim that they are taxpayers within the meaning of section 51 of the General Municipal Law in that they own a proprietary lease in a co-operative corporation. However, persons qualified to sue within the intendment of section 51 of the General Municipal Law must own real property assessed at $1,000 or more. An interest in a co-operative corporation, as claimed by the petitioners, is an interest in personalty and not realty *(Silverman v Alcoa Plaza Assoc.,* 37 AD2d 166), and petitioners therefore have no standing to bring this suit. The petition was properly dismissed *(Food Mart Assoc. v City of New York,* 64 Misc 2d 971, affd 36 AD2d 693). We further note that petitioners' counsel should in any event be disqualified. Upon motion of the City of New York, the petitioners' attorney was found disqualified to serve as counsel for proposed intervenors in an action against the Municipal Assistance Corpora-

tion due to his prior association with that corporation, and the city having given him "access to files and confidential material" *(Flushing Nat. Bank v Municipal Assistance Corp.,* NYLJ, June 22, 1977, p 10, col 2). Because this proceeding has its genesis in an agreement between the Municipal Assistance Corporation and the noteholders, petitioners' counsel should be disqualified for the same reason. In view of our dismissal on procedural grounds, we do not reach the merits. Concur—Silverman, Lane and Lynch, JJ.; Kupferman, J. P., concurs in the result in the following memorandum: While I concur in the result, I must specifically take issue with the holding that petitioners have no standing to bring this suit. It is simplistic to find that because one owns a co-operative apartment rather than real property, one has no standing. The exact nature of the interest is still not well defined. (See note, Legal Characterization of the Individual's Interest in a Cooperative Apartment: Realty or Personalty, 73 Col L Rev 250.) The Court of Appeals has indicated that there is a "constantly broadening view in this State of standing to sue in order to redress illegality of official action." *(Matter of Abrams v New York City Tr. Auth.,* 39 NY2d 990, 991; see, also, *Little Joseph Realty v Town of Babylon,* 41 NY2d 738; *Town of Black Brook v State of New York,* 41 NY2d 486; *Wein v Carey,* 41 NY2d 498). The real issue is whether the contention raised is frivolous or whether the plaintiff has a legitimate stake in the body politic. The owner of a co-operative apartment on Park Avenue in the "Silk Stocking" area certainly has an interest in real estate far in excess of the minimum requirement within the meaning of section 51 of the General Municipal Law.