*871 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiffs issued checks on their own accounts which were returned for insufficient funds and also deposited third-party checks to their accounts which were dishonored by the drawee bank because of insufficient funds of the drawer. Pursuant to agreements entered into by plaintiffs when they opened their accounts, charges were imposed upon plaintiffs by defendant to cover the cost of processing the overdrafts. It is these charges which plaintiffs challenge on this appeal.
Plaintiffs’ initial claim that the imposition of these charges constitutes a breach by defendant of the terms of the parties’ agreements because they exceed the actual cost of processing the overdrafts is without merit. When plaintiffs opened their accounts, each of them agreed to pay the charges specified for the services listed in the agreement, including the processing of overdrafts. Plaintiffs also agreed that those charges would be subject to change. Inasmuch as plaintiffs do not now contend that they were not notified of subsequent changes in the schedule of fees, they cannot be heard to say that defendant breached the agreements.
It is also claimed by plaintiffs that subdivision B, paragraph 4 of the account agreements, which vests defendant with discretion to determine what amount is necessary to compensate itself for services rendered, was violated by defendant because it charged more than was necessary to cover the cost of processing checks drawn on other banks and deposited by plaintiffs in their Citibank accounts which were later dishonored by the drawee bank. The short answer to this claim is that the account agreements very plainly authorize the defendant, not plaintiffs or the courts, to decide what amount of compensation is necessary. In the absence of some showing that the charges imposed were grossly disproportionate to processing costs usually incurred by banks in the community or otherwise imposed in bad faith, the defendant’s determination will not be disturbed. To grant the relief requested by plaintiffs *872 would be to impose a limit on the amount Federally chartered banks can charge for processing overdrafts. This is a task more properly left to the Comptroller of the currency who has decided that “[a]ll charges to customers should be arrived at by each bank on a competitive basis”. (12 CFR 7.8000 [a].)
Plaintiffs next allege that the charges constitute penalties which are expressly prohibited by subdivision (1) of section 1-106 of the Uniform Commercial Code. In order to find that a penalty has been imposed, however, it must first be determined that the complaining party has breached a contract and that a fixed sum, which bears no reasonable relation to the nonbreacher’s actual loss, has been designated as the compensation which must be paid. (See Wirth & Hamid Fair Booking v Wirth, 265 NY 214, 223; see, also, Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516.) Inasmuch as there is no statutory or common-law duty imposed upon a banking customer to avoid writing or depositing overdraft checks — indeed the use of overdrafts is expressly contemplated by and provided for in subdivision (1) of section 4-401 of the Uniform Commercial Code, as well as the agreements between the parties — the use of such checks cannot be properly characterized as a breach. There being no breach committed by plaintiffs, it cannot be said that the fees imposed constitute “penal damages” within the purview of subdivision 1 of section 1-106 of the Uniform Commercial Code.
Plaintiffs’ claim that the agreements authorizing the subject charges are unconscionable is equally without merit. Plaintiffs have failed to show that they were deprived of a meaningful choice of banks with which they could do business and that the terms of these agreements with defendant were unreasonably favorable to the bank. In consequence of this, a claim of unconscionability cannot be sustained. (Matter of State of New York v Avco Fin. Serv., 50 NY2d 383, 389.)
Finally, we note that defendant, a Federally chartered bank, is not subject to the fee limitations imposed by the New York State Banking Board. (See Banking Law, § 108, subd 8, par [a]; § 2, subd 1.) As a result, the fact that defendant’s fees may have exceeded the limits imposed by the banking board is of no assistance to plaintiffs.