Eduardo DE LA TORRE,
et al., Plaintiffs,

v.

CASHCALL, INC., Defendant.

Case No. 08–cv–03174–MEJ

United States District Court,
N.D. California.

Signed 10/21/2014

,Damon M. Connolly, Law Offices of Damon M. Connolly, San Rafael, CA, James C. Sturdevant, The Sturdevant Law Firm, Melinda Fay Pilling, Steven M. Tindall, Rukin Hyland Doria and Tindall, Arthur David Levy, San Francisco, CA, Whitney Stark, Terrell Marshall Daudt & Willie, PLLC, Seattle, WA, for Plaintiffs.

Brad W. Seiling, Lydia Michelle Mendoza, Noel Scott Cohen, Manatt Phelps & Phillips, Los Angeles, CA, Claudia Calla-way, Manatt Phelps & Phillips, LLP, Washington, DC, for Defendant.

Re: Dkt. No. 234

### ORDER RE: MOTION FOR RECONSIDERATION

MARIA-ELENA JAMES, United States Magistrate Judge

## I. INTRODUCTION

Pending before the Court is Defendant CashCall, Inc.'s ("CashCall") Motion for Reconsideration pursuant to Civil Local Rule 7–9. Dkt. No. 234. Plaintiffs have filed an Opposition (Dkt. No. 235) and Defendant has filed a Reply (Dkt. No. 238). The Court finds this matter suitable for disposition without oral argument and VACATES the October 30, 2014 hearing. See Fed. R. Civ. P. 78(b); Civil L.R. 7–1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendant's Motion for the reasons set forth below.

## II. BACKGROUND

On July 1, 2008, Plaintiffs initiated this class action lawsuit against CashCall, alleging violations of California's consumer protection laws.[1] Dkt. No. 1. On November 1, 2011, the Court granted class certification in this matter. On July 30, 2014, the Court ruled on: (1) CashCall's motion for partial summary judgment as to Plaintiffs' First and Fifth Causes of Action; (2) Plaintiffs' motion for summary judgment as to two of their claims; and (3) CashCall's motion for summary judgment as to Plaintiffs' Fourth Cause of Action alleging violation of California's Unfair Competition Law ("UCL") based on unconscionable loan terms (the "Unconscionability

---

1. Because the Court's ruling on the parties' summary judgment motions sets forth a detailed factual background, the Court will not repeat it here. See Dkt. No. 220 at 2–10.

Claim"). Dkt. No. 220. The Court denied both of CashCall's motions, and granted Plaintiffs' motion. *Id.*

On August 08, 2014, CashCall filed a motion for leave to file a motion for reconsideration as to the Court's denial of its motion for summary judgment on the Unconscionability Claim. Dkt. No. 222. CashCall argued that reconsideration was appropriate due to a failure to consider dispositive legal arguments. Specifically CashCall contended that the Court failed to address the threshold question of whether Plaintiffs could assert an unconscionability claim under the UCL at all. *Id.* On August 20, 2014, the Court ruled on CashCall's motion, granting leave to file. Dkt. No. 223.

### III. LEGAL STANDARD

■ A district court has inherent jurisdiction to modify, alter, or revoke a prior order. *United States v. Martin,* 226 F.3d 1042, 1049 (9th Cir.2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir.2003); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir.2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .") (internal citation and quotation omitted). A motion for reconsideration " 'may not be used to relitigate old matters, or to raise arguments or present

evidence that could have been raised prior' " in the litigation. *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 485 n. 5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008); *see also Marlyn Nutraceuticals,* 571 F.3d at 880 ("A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (internal citation and quotation omitted).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. Civil L.R. 7–9(a). Under Civil Local Rule 7–9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. Civil L.R. 7–9(b).

### IV. DISCUSSION

CashCall argues that the Court should reconsider its prior Order denying summary judgment as to the Unconscionability Claim due to the Court's failure to consider dispositive legal arguments when ruling on the summary judgment motion. Mot. at 3. CashCall contends that the UCL cannot be used as a basis for Plaintiffs' Unconscionability Claim because ruling on that claim would impermissibly require the Court to regulate economic policy. *Id.* at 1. Having carefully reviewed the papers submitted, the Court agrees that this

threshold question should have been addressed prior to assessing the merits of Plaintiffs' Unconscionability Claim.

Plaintiffs' Unconscionability Claim alleges that CashCall violated the UCL by making loans on unconscionable terms. Am. Compl. ¶¶ 68–89. Plaintiffs allege that CashCall's loans were unconscionable, in violation of California Financial Code section 22302, and California Civil Code section 1670.5.[2] *Id.* ¶¶ 84–85. Through the Unconscionability Claim, Plaintiffs seek to enjoin CashCall from the practice of making unconscionable loans, and to obtain restitution. *Id.* ¶89.

■ California Civil Code section 1670.5 codifies the unconscionability doctrine and "provides that a court may refuse to enforce an unconscionable contract." *Koehl v. Verio, Inc.,* 142 Cal.App.4th 1313, 1338, 48 Cal.Rptr.3d 749 (2006) (citation and internal quotation marks omitted). However, "that statute does not in itself create an affirmative cause of action," *id.* rather, it "codifies the defense of unconscionability," *California Grocers Ass'n v. Bank of Am.,* 22 Cal.App.4th 205, 217, 27 Cal.Rptr.2d 396 (1994); *see also Nava v. VirtualBank,* 2008 WL 2873406, at * 10 (E.D.Cal. July 16, 2008) (noting that section 1670.5 merely codifies the defense of unconscionability, and holding that "plaintiff's allegation that defendants breached the Note because the Note was unconscionable does not create a recognized claim under California law").

■ Claims under the UCL provide limited remedies; plaintiffs may only seek injunctive relief and restitution. *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1147, 1152, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003). "[I]n the context of the UCL, 'restitution' is limited to the return of property or funds in which the plaintiff has an ownership interest (or is claiming through someone with an ownership interest)." *Madrid v. Perot Sys. Corp.,* 130 Cal.App.4th 440, 453, 30 Cal.Rptr.3d 210 (2005). If a party cannot state a viable claim for restitution or injunctive relief, then that party's UCL claim is likewise not viable. *Id.* at 467, 30 Cal.Rptr.3d 210 (stating, in the context of affirming demurrers, that "[s]ince plaintiff failed to present a viable claim for restitution or injunctive relief ... plaintiff's complaint failed to state a viable UCL claim"). In other words, if a party is not entitled to the remedies it seeks, then its underlying claim must fail.

Only one California court has ever found a challenged interest rate unconscionable. *See Carboni v. Arrospide,* 2 Cal.App.4th 76, 2 Cal.Rptr.2d 845 (1991). In *Carboni,* the defendant had signed a $4,000 note in favor of the plaintiff, at a 200% interest rate, secured by a deed of trust. *Id.* at 80, 2 Cal.Rptr.2d 845. When the defendant failed to make payments, the plaintiff filed a complaint for judicial foreclosure. *Id.* The defendant asserted unconscionability as a defense to the enforcement of the note with its 200% interest rate. The trial court found that the 200% interest rate was unconscionable, and permitted interest on the principal sum at a rate of 24% per annum, up to that date. *Id.* The court of appeal affirmed. *Id.* at 87, 2 Cal.Rptr.2d 845. Thus, *Carboni* presented the classic situation in which a party asserted unconscionability as a defense to the enforcement of a contract and the court was

**2.** Plaintiffs assert that the Unconscionability Claim is predicated upon a violation of Civil Code section 1670.5. Opp'n at 7. Plaintiffs rely upon Financial Code section 22302 only because it "confirms that it is unlawful to make a loan that is unconscionable pursuant to Civil Code section 1670.5." *Id.* at 3. Thus, the Court's analysis will focus on the interaction of the UCL with Civil Code section 1670.5.

therefore able to fashion a remedy avoiding the unconscionable provision.

More commonly, California courts have held that the judicial alteration of interest rates constitutes impermissible economic policy-making. *See, e.g., California Grocers,* 22 Cal.App.4th at 217, 27 Cal.Rptr.2d 396. In *California Grocers,* the trial court had found that a bank's check-processing fee was unconscionable and issued an injunction that prospectively slashed that fee nearly in half for a period of ten years. *Id.* The court of appeal held that such an injunction was "an inappropriate exercise of judicial authority." *Id.* The court first noted that unconscionability is traditionally only available as a defense, and not an affirmative cause of action. *Id.* Although the court did not decide whether unconscionability could be used affirmatively under the UCL, the court noted that the legislature could have—but did not—expressly authorize its affirmative use in the UCL, in contrast to other consumer protection statutes. *Id.*

The appellate court then held that judicial oversight of bank fees was not the proper method of ensuring that such fees were reasonable. *Id.* at 218, 27 Cal. Rptr.2d 396. The court noted that the case squarely implicated economic policy—that is, whether the bank's fees were too high—and stated that "[i]t is primarily a legislative and not a judicial function to determine economic policy." *Id.* (citation and internal quotation marks omitted). Thus, the court of appeal reversed the trial court's grant of the injunction. *Id.* at 221

■ The holding in *California Grocers* is consistent with the general principle that courts should not intrude in matters of economic policy. As the California Supreme Court has stated: "If the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that

determination." *Cel–Tech Commc'ns v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 182, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999). California courts have repeatedly held that courts should not intrude upon matters that are properly the province of the legislative branch. *See, e.g., Harris v. Capital Growth Inv.,* 52 Cal.3d 1142, 1166, 278 Cal.Rptr. 614, 805 P.2d 873 (1991) (stating that judicial interference in economic policy matters would lead to myriad trials "with no prospect of certainty or stability in the respective rights and duties of the parties"); *Lazzareschi Inc. Co. v. San Francisco Fed. Sav. & Loan Ass'n,* 22 Cal.App.3d 303, 311, 99 Cal.Rptr. 417 (1971) (stating that "institutions which lend vast sums of money should be informed, not by judgments after the fact on a case-by-case basis, but by laws or regulations which are in existence in advance of the undertaking to execute loans").

■ With these guiding principles in mind, the Court finds that Plaintiffs' Unconscionability Claim fails as a matter of law. Even if Plaintiffs were able to prove that the challenged loans were unconscionable, the Court could provide no remedy without impermissibly intruding upon the legislature's province. The Court could not fashion a restitution award without deciding the point at which CashCall's interest rates crossed the line into unconscionability. The California Legislature long ago made the policy decision not to cap interest rates on loans exceeding $2,500. It is not the function of this Court to second-guess that decision and provide an interest rate cap where the legislative branch expressly chose not to. *See Cel–Tech Commc'ns,* 20 Cal.4th at 182, 83 Cal. Rptr.2d 548, 973 P.2d 527. The only other possible remedy under the UCL–an injunction–suffers from the same flaw. The Court would need to decide what interest rate is permissible, where the Legislature

expressly determined that this matter is better left to market forces. A less detailed injunction, for example, enjoining CashCall from charging unconscionable interest rates, would be impermissibly vague. *See McCormack v. Hiedeman,* 694 F.3d 1004, 1019 (9th Cir.2012) ("A district court abuses its discretion by issuing an overbroad injunction.") (citation and internal quotation marks omitted). Because the Court cannot provide a remedy without overstepping the bounds of judicial authority, Plaintiffs' Unconscionability Claim is not viable as a matter of law.

Plaintiffs concede that the Court lacks the power to set after—the fact interest rates, but argue that the Court need not do so to award restitution. Opp'n at 12–17. Plaintiffs contend that the Court can simply consider equitable factors and award the amount of restitution it deems fair, even up to returning to Plaintiffs the entire interest paid. *Id.* at 14. However, any consideration of what a "fair" result would be in this case would require the Court to decide what it believes the appropriate interest rate would have been, even down to no interest at all. As set forth above, this decision is better left to the legislative branch.

The Court finds that Plaintiffs' Unconscionability Claim is not viable as a matter of law, and therefore GRANTS CashCall's Motion for Reconsideration.

## V. CONCLUSION

Based on the analysis above, the Court GRANTS the Motion for Reconsideration. CashCall's Motion for Summary Judgment as to Plaintiffs' Fourth Cause of Action is GRANTED.

**IT IS SO ORDERED.**