**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARDO DE LA TORRE; LORI SAYSOURIVONG, *Plaintiffs-Appellants/ Cross-Appellees*, v. CASHCALL, INC., *Defendant-Appellee/ Cross-Appellants*. | Nos. 14-17571 15-15042 D.C. No. 3:08-cv-03174-MEJ ORDER CERTYING QUESTION TO THE CALIFORNIA SUPREME COURT |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

Filed April 21, 2017

Before: A. Wallace Tashima and Andrew D. Hurwitz, Circuit Judges, and Lynn S. Adelman,[*] District Judge.

Order

## SUMMARY[**]

### Certification of Question to California Supreme Court

The panel certified the following question to the California Supreme Court: Can the interest rate on consumer loans of $2500 or more governed by California Finance Code § 22303, render the loans unconscionable under California Finance Code § 22302?

## COUNSEL

James C. Sturdevant (argued), The Sturdevant Law Firm, San Francisco, California; Jessica Riggin and Steven M. Tindall, Rukin Hyland Doria & Tindall LLP, San Francisco, California; Arthur D. Levy, Law Office of Arthur D. Levy, San Francisco, California; for Plaintiffs-Appellants/Cross-Appellees.

---

[*] The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Brad W. Seiling (argued), Donald R. Brown, and Joanna S. McCallum, Manatt Phelps & Phillips LLP, Los Angeles, California, for Defendant-Appellee/Cross-Appellant.

Caryn Becker, Oakland, California, as and for Amicus Curiae Center for Responsible Lending.

Ted Mermin, Berkeley, California, as and for Amicus Curiae Public Good Law Center.

Michael J. Quirk, Williams Cuker Berezofsky LLC, Philadelphia, Pennsylvania, for Amicus Curiae National Association of Consumer Advocates.

## ORDER

The central issue in this case is whether the interest rates on consumer loans of $2500 or more that are governed by California Finance Code § 22303, which provides no interest rate limitations on such loans, can be deemed unconscionable under California Finance Code § 22302 and thus be the predicate for a private cause of action under the California Unfair Competition Law ("UCL"). The answer to this question could determine the outcome of this matter and there is no controlling precedent. We therefore respectfully request that the California Supreme Court exercise its discretion to decide the certified question presented below. *See* Cal. R. Ct. 8.548(a). Absent certification, we will "predict as best we can what the California Supreme Court would do in these circumstances." *Pacheco v. United States*, 220 F.3d 1126, 1131 (9th Cir. 2000).

## I. Administrative Information

We provide the following information in accordance with California Rule of Court 8.548(b)(1).

A.  The title and numbers of this case are:

No. 14-17571, No. 15-15042

EDUARDO DE LA TORRE; LORI SAYSOURIVONG,

Plaintiffs and Appellants, Cross-Appellees,

v.

CASHCALL, INC.,

Defendant and Appellee, Cross-Appellant.

B.  The names and addresses of counsel are:

*For Plaintiffs-Appellants De La Torre and Saysourivong*: Steven M. Tindall, Gibbs Law Group, 505 14th Street, Suite 1110, Oakland, CA 94612. Jessica Riggin, Rukin Hyland Doria & Tindall LLP, 100 Pine Street, Suite 2150, San Francisco, CA 94111. James C. Sturdevant, The Sturdevant Law Firm, 354 Pine Street, Fourth Floor, San Francisco, CA 94104. Arthur D. Levy, Housing and Economic Rights Advocates, 1814 Franklin Street, Suite 1040, Oakland, CA 94612.

*For Defendant-Appellee CashCall, Inc.*: Brad W. Seiling, Donald R. Brown, Joanna S. McCallum, Manatt, Phelps & Phillips, LLP, 11355 West Olympic Boulevard, Los Angeles, CA 90064.

C.  If the request for certification is granted, Plaintiffs-Appellants De La Torre and Saysourivong should be deemed the petitioners in the California Supreme Court.

## II. Certified Question

Pursuant to California Rule of Court 8.548(b)(2), we certify the following question of state law to the California Supreme Court:

> Can the interest rate on consumer loans of $2500 or more governed by California Finance Code § 22303, render the loans unconscionable under California Finance Code § 22302?

Our phrasing of the question should not restrict the California Supreme Court's consideration of the issues involved.  *See* Cal. R. Ct. 8.548(f)(5).  We agree to accept and follow the decision of the California Supreme Court. *See* Cal. R. Ct. 8.548(b)(2); *Klein v. United States*, 537 F.3d 1027, 1029 (9th Cir. 2008).

## III. Statement of Facts

This putative class action asserts that CashCall, Inc. made consumer loans with unconscionably high interest rates and thus violated the UCL, Cal. Bus. & Prof. Code § 17200.  The district court granted summary judgment to CashCall, concluding that because the California legislature had removed the interest rate cap on the challenged loans in California Finance Code § 22303, the interest rates were not illegal.

## A.  Regulatory and Statutory Context

The unsecured consumer loans at issue in this case are governed by the California Finance Lenders Law ("FLL"). Cal. Fin. Code § 22203.  The FLL prescribes maximum interest rates for loans below $2500, but this interest rate limitation "does not apply to any loan of a bona fide principal amount of two thousand five hundred dollars ($2,500) or more." *Id.* § 22303.  The FLL also incorporates by reference the general Civil Code provision about contract unconscionability, Cal. Civ. Code § 1670.5(a).  Cal. Fin. Code § 22302.[1]

The current version of the relevant FLL provisions resulted from the enactment of Senate Bill No. 447 in 1985. Before then, the FLL set maximum interest rates for consumer loans of up to $5000.  SB 447 removed the caps on interest rates for loans of $2500 or more and added the unconscionability language in § 22302.

The FLL does not create a private right of action.  *See* Cal. Fin. Code § 22713; *Cal. Grocers Ass'n*, 27 Cal. Rptr. at 403–04.  But, a private cause of action lies under the UCL for "any unlawful, unfair or fraudulent business act or

---

[1] California Civil Code § 1670.5(a), which codifies the common law unconscionability defense, *see Cal. Grocers Ass'n v. Bank of Am.*, 27 Cal. Rptr. 2d 396, 401 (Ct. App. 1994), provides:

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

practice." Cal. Bus. & Prof. Code § 17200. The UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539–40 (Cal. 1999) (quoting *State Farm Fire & Cas. Co. v. Superior Court*, 53 Cal. Rptr. 2d 229, 234 (Ct. App. 1996)).

## B. The CashCall Loans Litigation

As the district court found, CashCall's "signature product is an unsecured $2,600 loan with a 42-month term, using only simple interest, and without prepayment penalty." In August 2005, CashCall began charging 96% interest on these loans. In July 2009, CashCall increased the interest rate on its signature loans to 135%. The rates were fully disclosed to borrowers.

CashCall is licensed by the California Department of Business Oversight. The Department has taken no issue with CashCall's interest rates.

The operative Fourth Amended Complaint in this case asserts claims on behalf of a putative class of borrowers with loans from CashCall of $2500 or more with 96% and 135% interest rates.[2] The complaint alleges one federal claim and five state law claims: (1) violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, (2) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, (3) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, (4) unlawful business practices

---

[2] A single named plaintiff, Krista O'Donovan, originally filed this suit in July 2008. After O'Donovan's claims were dismissed, Eduardo De La Torre and Lori Kemply were named as putative class representatives.

in violation of the UCL, (5) a derivative unlawful business practices claim based on the above violations, and (6) fraudulent and unfair business practices.

## C.  Class Certification and Summary Judgment

The district court certified a "California Class" of "individuals who, while residing in California, borrowed from $2,500 to $2,600 at an interest rate of 90% or higher from CashCall, Inc., for personal, family, or household use at any time from June 30, 2004 to the present." The court limited the California Class certification to the claim that making loans at "unconscionable interest rates" gave rise to a cause of action under the UCL.

CashCall moved for summary judgment on the unconscionability claim, arguing its interest rates were not illegal under the FLL—and therefore did not violate the UCL—given the 1985 statutory amendment removing interest rate limitations on loans of $2500 or more. The district court originally denied the summary judgment motion, finding material factual issues as to whether the loans "shock the conscience." *De La Torre v. CashCall, Inc.*, 56 F. Supp. 3d 1073, 1099 (N.D. Cal. 2014) (quoting *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1075 (9th Cir. 2007)).

But after reconsideration, the district court granted the summary judgment motion. *De La Torre v. CashCall, Inc.*, 56 F. Supp. 3d 1105, 1110 (N.D. Cal. 2014). The court found that determining whether the CashCall interest rates were unconscionable would "impermissibly require the Court to regulate economic policy," because it could not fashion a remedy without "deciding the point at which CashCall's interest rates crossed the line into unconscionability." *Id.* at 1107–09. And, by determining

the highest appropriate interest rate, the court concluded, it would be improperly substituting its judgment for that of the legislature, which had intentionally removed the interest rate cap. *Id.* at 1109–10.

The district court directed the entry of judgment to CashCall on the UCL claim pursuant to Federal Rule of Civil Procedure 54(b). Plaintiffs timely appealed.

## IV. Explanation of Certification

The gravamen of the Fourth Amended Complaint is that consumer loans with interest rates of 90% or above are unconscionable and that § 22302 of the FLL makes unconscionable loans unlawful. Therefore, the plaintiffs claim, they have a cause of action under the UCL.

The plaintiffs argue that if the 1985 legislation were "intended to exempt loans and interest rates from all judicial scrutiny under § 1670.5, the Legislature could have done so. It did not." Rather, the plaintiffs argue, the FLL prohibits loans with unconscionable interest rates because § 22302 incorporates the unconscionability provision in § 1607.5.

The plaintiffs rely heavily on *Carboni v. Arrospide*, 2 Cal. Rptr. 2d 845, 846–47 (Ct. App. 1991), which involved a $99,346 secured loan with a 200% interest rate. After default, the lender sought to foreclose, but the trial court found the "interest rate provisions" unconscionable, and reduced it to 24%. *Id.* The Court of Appeal affirmed, noting that "the parties have not cited, and we have not discovered, any case which applies the doctrine of unconscionability to . . . a shockingly high rate of interest." *Id.* at 847. But, the court found the defense applied because "the interest rate is the 'price' of the money lent; at some point the price becomes so extreme that it is unconscionable." *Id.* at 848.

The plaintiffs also argue that California courts have broad equitable powers to determine if a contract is unconscionable. They argue that under *California Grocers*, 27 Cal. Rptr. 2d at 404, "courts can and should evaluate the unconscionability of contracts at the time of formation, even when doing so may involve large-scale economic consequences."

In response, CashCall argues that the 1985 amendment to § 22303 was designed to provide a "safe harbor" against claims that interest rates on unsecured consumer loans above $2500 were too high, and that the interest rates on the loans to plaintiffs were therefore legal. *See Cel-Tech*, 973 P.2d at 541 ("When specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that harbor."). CashCall also cites a Department of Business Oversight statement that "a CFLL licensed lender can charge whatever interest rate it chooses on loans . . . of $2,500 or more." Accusation, *In re Comm'r of Bus. Oversight v. CashCall, Inc.*, No. 603-8780 at 2, *available at* http://www.dbo.ca.gov/ENF/pdf/2014/CFL-CashCall_accu sationrev_redacted.pdf. CashCall argues that the unconscionability provision in the FLL is not toothless, because § 22302 applies to "charges" such as "fees, bonuses, commissions, brokerage, discounts, expenses, and other forms of costs," Cal. Fin. Code § 22200, and interest rates on loans below $2500, which remain regulated after the 1985 amendments, *id.* § 22303.

CashCall contends that *Carboni* only recognized unconscionability as a defense to a suit by a lender, not an affirmative UCL action for restitution. CashCall also notes that *Carboni* did not involve a loan subject to SB 447 nor did it interpret the unconscionability provision of § 22302.

CashCall also cites *California Grocers* in support of its argument that the interest rate is unrelated. In *California Grocers*, the trial court held that a $3 checking fee was unconscionable, granting an injunction requiring a "reasonable fee" of $1.73. 27 Cal. Rptr. 2d at 400. The Court of Appeal reversed, finding the fee legal. *Id.* at 404. The court warned that "a question of economic policy" was outside judicial purview in a UCL action, and because the federally-chartered bank was not subject to fee limitations under federal law, granting relief "would be to impose a limit on the amount Federally chartered banks can charge . . . . a task more properly left to" the regulator. *Id.* (quoting *Jacobs v. Citibank, N.A.*, 462 N.E.2d 1182, 1183 (N.Y. 1984)). CashCall argues that the district court also correctly concluded that "any consideration of what a 'fair' result would be in this case would require the Court to decide what it believes the appropriate interest rate would have been," and would require the court to set maximum interest rates "where the legislative branch expressly chose not to." *De La Torre*, 56 F. Supp. 3d at 1109.

## V. Accompanying Materials

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of record, and an original and ten copies of this order and request for certification, along with a certification of service on the parties, pursuant to California Rule of Court 8.548(c) and (d).

This case is withdrawn from submission. Further proceedings are stayed pending final action by the California Supreme Court. The panel will resume control and jurisdiction of this case upon receiving a decision from the California Supreme Court answering the certified question

or upon that court's decision to decline our request to answer the certified question.