Wavertree Corp. v Bellet Constr. Co., Inc. (2018 NY Slip Op 00332)





Wavertree Corp. v Bellet Constr. Co., Inc.


2018 NY Slip Op 00332


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Acosta, P.J., Sweeny, Gische, Andrias, Gesmer, JJ.


5474 651551/11

[*1]Wavertree Corporation, Plaintiff-Appellant,
v
Bellet Construction Co., Inc., Defendant-Respondent.


Anderson & Ochs, LLP, New York (Steven S. Anderson of counsel), for appellant.
Camacho Mauro Mulholland, LLP, New York (Andrea S. Camacho and Wendy Jennings of counsel), for respondent.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered October 21, 2016, in favor of defendant, upon a jury verdict, and bringing up for review an order, same court (Barbara Jaffe, J.), entered February 20, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its delay damages and attorneys' fees claims, unanimously affirmed, without costs.
Both the motion and the trial court properly determined that the jury should resolve the question of whether plaintiff was entitled to delay damages and attorneys' fees based on defendant's breach of the contract, and the jury found that defendant did not breach the contract (see Smith v Putnam , 145 AD2d 383, 385 [1st Dept 1988], appeal dismissed in part, denied in part 74 NY2d 758 [1989]; Howard L. Jacobs, P.C. v Citibank , 92 AD2d 786 [1st Dept 1983], affd 61 NY2d 869 [1984]).
A rational jury could also have found, based on the trial testimony, that plaintiff waived these claims when it made the final payment to defendant in full, with the approval of its architect, without deducting the liquidated damage amount and the attorneys' fees, given that the contract provided at § 2.3, that an extension of time to complete the project was defendant's remedy in the event delays resulted from plaintiff's actions.
The motion and trial courts also properly concluded that there were issues of fact as to plaintiff's entitlement to attorneys' fees and costs in that §§ 8.2.2 and 8.13.1 of the contract required a finding of fault by defendant, breach of the contract, or that the claim related to the performance of the work. Here, a rational jury could conclude that defendant was not at fault for any damages incurred by plaintiff or that it had waived the claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK